## LUCINDA B. GEORGE *vs.* PETER GOBEY.

Worcester.   Oct. 4, 1879. — Feb. 26, 1880.   ENDICOTT & LORD, JJ., absent.

A master is liable to the penalty imposed by the St. of 1875, c. 99, § 16, if his servant, in the course of his master's business, sells intoxicating liquor, after notice requesting the master not to do so, to a person who has the habit of drinking intoxicating liquor to excess, although the master has instructed the servant not to make a sale to such person, and the sale is without the knowledge and consent of the master.

TORT to recover the penalty provided by the St. of 1875, c. 99, § 16, for selling intoxicating liquors to Obadiah George, the husband of the plaintiff, within twelve months after written notice by her to the defendant that her husband was in the habit of drinking intoxicating liquors to excess, and requesting the defendant not to sell or deliver such liquors to him. Answer, a general denial.

At the trial in the Superior Court, before *Pitman*, J., without a jury, the plaintiff offered evidence of sales of liquor to her husband, after notice to the defendant, by Hiram Emerson, the bar-keeper of the defendant.

The defendant did not controvert this evidence; but offered evidence tending to show that, after such notice, he did not personally make any sales to the plaintiff's husband; and that he ordered Emerson not to sell to him, and, if any sales were made by Emerson, it was without the knowledge and consent of the defendant; and asked the judge to rule that, "if the defendant forbade his servant making sales of liquor to the plaintiff's husband, and the defendant's servant nevertheless made such sales without the knowledge and consent of the defendant, the defendant is not liable in this action by reason of the acts of his servant." The judge declined so to rule, and found for the plaintiff. The defendant alleged exceptions.

*J. Hopkins*, for the defendant.

*J. E. Day*, for the plaintiff.

SOULE, J. At common law, the master is responsible for the wrongful acts of his servant done in the execution of the authority given by the master, and for the purpose of performing what the master has directed, whether the wrong done be occasioned

by the mere negligence of the servant, or by a wanton and reck-less purpose to accomplish the master's business in an unlawful manner. But if the servant goes outside the scope of his employment, and does a wrongful act, for a purpose of his own, and not in the performance of his master's business, the master is not responsible for such act. *Howe* v. *Newmarch*, 12 Allen, 49. *Ramsden* v. *Boston & Albany Railroad*, 104 Mass. 117. *Hawks* v. *Charlemont*, 107 Mass. 414. *Hawes* v. *Knowles*, 114 Mass. 518. *Levi* v. *Brooks*, 121 Mass. 501. The fact that the act done is contrary to an express order of the master will not exonerate him. *Philadelphia & Reading Railroad* v. *Derby*, 14 How. 468.

We see no reason why the general principle which governs the responsibility of the master for the acts of his servant should not apply in the case at bar. The action is brought under a statute which makes that a tort which was not so before, and provides for the recovery of damages against the tortfeasor. The tort consists in selling intoxicating liquor to one who has the habit of using it to excess, after notice of his habit and a request from his wife not to sell such liquor to him. The defendant engages in the business of selling liquor voluntarily. He chooses to intrust the details of the business to a servant. If he forbids the making of sales to the intemperate person, and his servant negligently, through forgetfulness of the instruction given him, or through a failure to recognize the person, continues to make sales to that person, there is no reason why the defendant should not be responsible for the wrongful act. The sale is his sale, made in the performance of his business, and is an act within the general scope of the servant's employment. The ruling which the defendant asked was properly refused. It does not state a combination of circumstances which would relieve the master from responsibility.

It is to be borne in mind that this is a civil action, and that the rules which govern it differ from the rules which govern criminal proceedings. *Roberge* v. *Burnham*, 124 Mass. 277.

What would be the result if it appeared that the servant, knowing the instruction given by his master, made the sales with the intention of disobeying him, and for his own purposes, and not for the purpose of doing his master's business, we have not considered, because that question is not before us. And we

have treated the ruling asked for as intended to present the case of instructions given to the servant in good faith; for it would hardly be contended that instructions not to sell, which both master and servant understood to be a mere form of words, exonerated the master from the consequence of a wrongful sale made by the servant. *Exceptions overruled.*