## COMMONWEALTH *vs.* JOSEPH UHRIG.

Middlesex.    Nov. 24, 1884. — Jan. 7, 1885.    FIELD, C. ALLEN, & COLBURN, JJ., absent.

If the servant of an innkeeper having a license sells intoxicating liquor to a person to whom the license does not authorize such sale to be made, the innkeeper may be convicted of an illegal sale, although neither he nor his servant intended to violate the conditions of the license, and the sale was made in ignorance of the fact that the purchaser was one of a class to which no sale could legally be made.

INDICTMENT for keeping and maintaining a common nuisance, to wit, a certain tenement in Cambridge, used for the illegal sale and illegal keeping of intoxicating liquors, on January 1, 1884, and on divers other days and times between that day and June 5, 1884.    Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The government offered evidence tending to show that the defendant kept an inn called the Prospect House, in Cambridge; and that on February 17, March 16, and March 23, 1884, each of which days was Sunday, the defendant by his servant sold intoxicating liquors to several persons, who drank the same on the premises.

It was admitted that the defendant kept said house as an inn; and that, during all the time covered by the indictment, he was duly licensed as an innholder, and also held a license of the first class to sell intoxicating liquors to be drunk on the premises.

The defendant requested the judge to instruct the jury as follows: "If the defendant did not intend to violate his licenses, or either of them, and was not aware that either he or his servant was doing so, he cannot be convicted under this indictment, although he or his servant did ignorantly and unintentionally make a sale to a person to whom he was not authorized by said licenses, or either of them, to make such sale, upon proof of that sale."

The judge refused to give this instruction.    The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. Robinson, Jr.*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Common-wealth.

DEVENS, J.    That the defendant was not entitled to have the instruction requested given in the form presented, is clear, as it would include a case where the defendant was ignorant of the law, and thus violated it unintentionally.    But, if not open to this very obvious criticism, it is objectionable on other grounds. It makes no distinction between the master and servant, and treats the act of making an illegal sale, if done by either un-intentionally, as involving no criminal responsibility.    Guilty knowledge that one is acting in violation of law is not essential to the offence of unlawfully selling intoxicating liquors, and whoever has a license, whether he conducts the business person-ally or by servants, is bound at his own peril to keep within the terms of it.    *Commonwealth* v. *Hallett*, 103 Mass. 452.    *Commonwealth* v. *Wentworth*, 118 Mass. 441.

Had the instruction been given as requested, it would have required the jury to find that, if the defendant himself, who was the master of the house, sold liquor in violation of law and of his license, but ignorantly and unintentionally, he could not upon such proof be convicted of maintaining a nuisance, which is manifestly erroneous.                    *Exceptions overruled.*