## COMMONWEALTH *vs.* WILLIAM B. BRIANT.

Worcester.    October 4. — 21, 1886.    DEVENS & W. ALLEN, JJ., absent.

At the trial of a complaint for unlawfully selling intoxicating liquors to a minor, it is error to rule that a sale of such liquors by a servant in his master's shop, and in the regular course of his master's lawful business, is *prima facie* a sale by the master, although the sale is an illegal sale.

HOLMES, J.    This is a complaint for unlawfully selling intoxicating liquors to a minor. The court assumed that the case was governed by *Commonwealth* v. *Wachendorf,* 141 Mass. 270 ; and instructed the jury that a sale by the defendant's bar-tender might be explained by showing that it was not authorized by the master, or was done in violation of his orders and against his will.

On the question of authority, the defendant asked for a ruling, that " agency for any other purpose will not warrant a

presumption or inference of agency illegally to sell liquor." The court refused the ruling; and instructed the jury, in substance, that a sale of intoxicating liquors by a bar-tender in his master's shop, and in the regular course of his master's lawful business, is *prima facie* a sale by the master, although the sale is an illegal sale, but that such a sale may be explained by showing that it was not authorized. Even if the ruling requested was wrong, we think the instruction given went too far in an opposite direction. For, although we should admit that a jury might be warranted in inferring that such a sale was authorized, it would not follow that a court could rule that there is a presumption of fact that it was so, which is the purport of the instruction fairly construed. The proposition that there is evidence for the jury to consider, is not identical with the proposition that the evidence, if believed, raises a presumption of fact. The proposition that there is evidence to be considered imports that there may be a presumption of fact. But generally it must be left to the jury to say whether there is one, and in many cases that is the main question which they have to decide.

The facts that a man employs a servant to conduct a business expressly authorized by statute, and that the servant makes the unlawful sale in the course of it, do not necessarily overcome the presumption of innocence merely because the business is liquor selling, and may be carried beyond the statutory limits. See *Commonwealth* v. *Putnam*, 4 Gray, 16; *Commonwealth* v. *Dunbar*, 9 Gray, 298.

It is true that a master would be liable civilly for such a sale as supposed in the instruction, but his civil liability exists even when he prohibited the sale, and therefore it does not stand upon a presumption that he authorized the sale, but upon the general ground for a master's liability for the unauthorized torts of his servants, whatever that may be. *George* v. *Gobey*, 128 Mass. 289. *Roberge* v. *Burnham*, 124 Mass. 277. Pub. Sts. *c.* 100, § 24. See *Byington* v. *Simpson*, 134 Mass. 169, 170.

*Commonwealth* v. *Holmes*, 119 Mass. 195, cited for the prosecution, went no farther than to decide that evidence that the defendant's son and clerk sold intoxicating liquors in a public house kept by the defendant was evidence of a sale by the defendant, sufficient to be submitted to a jury. See also

*Commonwealth* v. *Edds,* 14 Gray, 406. Nothing was said as to a presumption of fact. The evidence, too, was stronger than in the case at bar; for there the defendant set up no license, any sale was unlawful, and the question was whether the defendant gave authority to his clerk to sell at all. It might well be thought that the clerk would hardly undertake to sell in the way of business in his employer's house without some authority. But it is obviously much more likely that a servant employed to make lawful sales should occasionally go beyond his authority, which he might do by mistaking a minor for an adult, than that he should go into a wholly unauthorized business.

*Commonwealth* v. *Nichols,* 10 Met. 259, probably suggested the ruling of the court, and is perhaps a little nearer the case at bar than *Commonwealth* v. *Holmes,* as the defendant seems to have sold liquors at wholesale, and to have employed his clerk in that business, although not licensed to sell at retail. The court, in sustaining the defendant's exceptions, said that a sale at retail by the clerk was " only *prima facie* evidence " of a sale by the master. It hardly said, and could not have decided, that such a sale was *prima facie* a sale by the master, or that it raised a presumption of fact. Moreover, if it were held that there was such a presumption of fact in cases like *Commonwealth* v. *Holmes* and *Commonwealth* v. *Nichols,* it would not follow that there was the same presumption in the present case, still less that it was so plain that the jury could be instructed to act on it. Such presumptions are questions of fact and of degree.

*Exceptions sustained.*

*J. R. Thayer,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.