COMMONWEALTH *vs.* CHARLES S. CLIFFORD.

Worcester.    October 3. — 19, 1887.    C. ALLEN & KNOWLTON, JJ., absent.

At the trial of an indictment for adultery, the evidence was conflicting upon the question whether the parties named in the indictment had occupied the same room ; and the judge instructed the jury as follows : " If they occupied together the room known as the parlor, that is evidence enough to warrant you in finding adultery.   That is as strong evidence as is usually found in adultery cases." This being excepted to, the judge said, "I withdraw those instructions and instruct the jury as follows : If a married man is found with a woman not his wife in a room with a bed in it, and stays through the night with her there, that is sufficient to warrant a finding of adultery against him." *Held,* that the defendant had no ground of exception.

Under the Pub. Sts. *c.* 153, § 12, the judge presiding at the trial of a criminal case may, before exceptions taken to his rulings are reduced to writing and filed, pronounce them frivolous and intended for delay, and proceed to sentence the defendant.

HOLMES, J.   1. This is an indictment for adultery.  It is not denied that there was evidence for the consideration of the jury, but the principal exception taken is that the court charged the jury with respect to matters of fact.   The instruction first given related to disputed evidence that the parties had occupied the same room, and was as follows : "If they occupied together the room known as the parlor, that is evidence enough to warrant you in finding adultery.   That is as strong evidence as is usually found in adultery cases."   This being excepted to, the court said, " I withdraw those instructions and instruct the jury as follows : If a married man is found with a woman not his wife

in a room with a bed in it, and stays through the night with her there, that is sufficient to warrant a finding of adultery against him." This also was excepted to.

The first instruction did not express any opinion as to whether the facts testified to were proved, but went to the inferences to be drawn from those facts by way of presumption in case they were proved. Such inferences, however, are for the jury as a general rule, as well as the truth of the testimony. *Commonwealth* v. *Briant*, 142 Mass. 463. But if the language first used went too far, the judge at once expressly withdrew and corrected it upon his attention being called to it, and limited his statement to the proposition that the supposed facts, if proved, would be sufficient to warrant a finding of guilty. Even the latter form of expression might be used in such a way as to prejudice the jury; but, on its face, it only means that there is evidence to be considered by the jury, and that they have a right to infer guilt if that inference seems to them the true one. Such a ruling is unexceptionable, and the correction left the defendant without ground of complaint. *Eldridge* v. *Hawley*, 115 Mass. 410. *Goodnow* v. *Hill*, 125 Mass. 587.

2. Before the foregoing exceptions were reduced to writing and filed, the court adjudged them frivolous and intended for delay, and proceeded to sentence the defendant. This also is excepted to. We have no doubt of the power of the court to pass upon the exceptions before they are filed or allowed. The scope of an exception is fixed by the ruling. The court knows what it rules, and in many cases can have no difficulty in pronouncing an exception frivolous at the moment when it is taken. If the language of the statute leads to any conclusion, it is to that which we have adopted. It is to the effect that, if the exceptions appear frivolous, &c., sentence may be passed, " notwithstanding the allowance of the exceptions," that is, even if the exceptions are allowed. Pub. Sts. *c.* 153, § 12.

*Exceptions overruled.*

*J. Hopkins & C. R. Johnson*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.