COMMONWEALTH *vs.* GEORGE L. HOULE.

Berkshire.    September 11, 1888. — September 27, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Sale by Servant in Master's Absence — Perjury.*

At the trial of an indictment for keeping and maintaining a common nuisance, to wit, a tenement used for the illegal sale and keeping for sale of intoxicating liquors, the testimony of witnesses as to sales by the defendant in person, as well as by his bar-tender in the former's absence, was direct. The presiding judge left entirely to the jury the weight of the evidence, and the inferences therefrom, as to whether the sales by the bar-tender were made with the approval and under the authority of the defendant, and further instructed them that, if they could explain the evidence on any other theory consistent with the defendant's innocence than that the witnesses had committed perjury, it was their duty to do so, and that the question was left to them. *Held,* that the defendant had no ground of exception.

INDICTMENT alleging that the defendant kept and maintained a common nuisance, to wit, a certain tenement in Pittsfield, used for the illegal sale and keeping for sale of intoxicating liquors.

At the trial in the Superior Court, before *Hammond*, J., it appeared in evidence that the defendant had a license as an innholder, and that he also had a license of the first class and another of the fourth class, under the Pub. Sts. c. 100, § 10, to sell intoxicating liquors at his hotel in Pittsfield, being the tenement in question. The government called as witnesses four minors, all of whom testified that they had purchased and drank liquors at the hotel during the time alleged. Two of these witnesses testified that they purchased liquors of the defendant in person, and the other two testified that they bought liquors of the bar-tender of the defendant in the latter's absence. The defendant introduced evidence tending to show that he had instructed the bar-tender not to sell liquors to minors, or in violation of any provision of his license, and that one of the witnesses, who testified that he purchased liquors of the defendant in person, had in fact purchased them of the bar-tender, and had so testified on a different occasion.

The defendant asked the judge to instruct the jury, that, if they should find that the sales testified to by the government witnesses were made by the bar-tender, without the knowledge or consent of the defendant, and against his instructions, then the jury must return a verdict of not guilty. The judge refused so to instruct, and instructed the jury that the question whether the defendant was sincere in his instructions, and whether they were given in good faith to his bar-tender, was for them, and that they must say whether he was so sincere; that if a sale of intoxicating liquors in the hotel, during the time alleged in the indictment, by any person employed by the defendant to sell liquor at said hotel, was made without the defendant's knowledge, and the defendant in no way participated in, approved, or countenanced such sale, the defendant would not be responsible for such sale, but that, nothing to the contrary appearing, evidence of a sale by a servant in his master's shop of his master's goods there kept for sale would, if believed, warrant the jury in finding that the sale was authorized by the master, and that this

would be so although the defendant was not on the premises at the time the sale was made ; that the whole question of authority was one for the jury, under all the circumstances of the case, and that there was no presumption of law either way. The judge also instructed the jury, that there would seem to be no other way consistent with the defendant's innocence for them to explain the testimony of the young men who had testified for the Commonwealth, than upon the theory that these young men had committed perjury, and it was for them to say whether or not they believed this to be the fact.

At the close of the charge to the jury, the defendant's counsel stated that he desired to except to the latter portion, among others, of the charge; whereupon the judge stated that he would modify what he had said about perjury, and instructed the jury that, if they could explain the testimony of the witnesses upon any other theory than that they had committed perjury, it was their duty to do so, and that he would leave that question to them without expressing any opinion as to whether it could be so explained.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*W. Turtle,* (*H. C. Joyner* with him,) for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

DEVENS, J. The defendant held a license of the first class and fourth class to sell intoxicating liquors at his hotel, which was the place he was indicted for keeping and maintaining as a common nuisance. The Commonwealth sought to establish its case by proving several sales of liquor to minors, made by the bar-keeper of the defendant, as well as by the defendant in person, at the hotel in question. While the jury were instructed that the defendant would not be responsible for sales made by his bar-keeper if made without his knowledge, the defendant in no way participating therein, nor approving nor countenancing such sales, they were further instructed, " that, nothing to the contrary appearing, evidence of a sale by a servant in his master's shop of his master's goods there kept for sale would, if believed, warrant the jury in finding that the sale was authorized by the master, and that this would be so although the defendant was not on the premises at the time the sale was made." The

instruction also submitted to the jury the whole question of the authority of the bar-keeper, under all the circumstances of the case, stating that there was no presumption of law either way. This left the weight of the evidence offered by the Commonwealth, and the inferences to be drawn from it, entirely to the jury, and is in accordance with the view expressed in *Commonwealth* v. *Briant*, 142 Mass. 463. It was as a question of fact solely that the jury were to determine whether an authorized sale by the bar-keeper had been proved, and the jury were permitted to make this inference, if, under all the circumstances, they should see fit to do so. In *Commonwealth* v. *Hayes*, 145 Mass. 289, it is also intimated that instructions precisely similar to those given in the case at bar would be unobjectionable.

The instruction of the court, that there would seem to be no other way consistent with the defendant's innocence by which the testimony of the witnesses could be explained, than upon the theory that they had committed perjury, was distinctly modified by the court, and the jury were then instructed that, if they could explain the testimony of these witnesses upon any other theory than that they had committed perjury, it was their duty to do so, and that this question was left to them. Whether the instruction as originally given was correct need not be considered, as the jury must have understood it to have been withdrawn, and the instruction subsequently given to have been substituted therefor. *Commonwealth* v. *Clifford*, 145 Mass. 97. As finally given, we see no objection to it; indeed, the instruction was, so far as it went, favorable to the defendant. The testimony of the witnesses had been direct as to the sales; the instruction made it the duty of the jury, if this testimony could be explained upon any other theory than that of perjury, thus to explain it for the benefit of the defendant.

The whole charge is not before us, but only such part as the defendant has selected for exception. It is not to be inferred that the court failed to instruct the jury that the defendant was to be presumed innocent, and that it was for the Commonwealth to prove his guilt beyond reasonable doubt. Still less is it to be inferred, that, because the jury were told that, if the direct evidence could be explained upon any other theory than that of

perjury, it should be so explained, they were not also made fully to understand that, if the witnesses for the Commonwealth failed to command their confidence, or were in their opinion guilty of perjury, the defendant was entitled to an acquittal.

*Exceptions overruled.*