COMMONWEALTH *vs.* ANDREW C. STEVENS.

Middlesex.    November 23, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Intoxicating Liquors — Druggist — Sale by Servant to Minor — Evidence of Number of Sales.*

The register required by the St. of 1887, c. 431, § 3, to be kept by a druggist licensed to sell intoxicating liquors, is not an ordinary writing or a public record, and the number of sales recorded therein may be considered as a fact in the mode of conducting his business, to be observed by a police officer in the performance of his duty of inspecting the register, and may be testified to by him, like any other material fact apparent to an observer, in a complaint charging the druggist with having sold intoxicating liquor to a minor.

While the criminal liability of a master for the act of his servant does not extend so far as his civil liability, inasmuch as he cannot be held criminally for what the servant does contrary to his orders, and without any authority, express or implied, merely because it is in the course of his business and within the scope of the servant's employment; yet if the act is the master's because done by the servant within his authority, and especially if it is an act which is made punishable even when done in ignorance of its punishable quality, the master is liable as well as the servant.

COMPLAINT charging the defendant with unlawfully selling intoxicating liquors to Mary A. Golden, a minor, on May 29, 1890. After the former decision, reported in 153 Mass. 421, the case was again tried in the Superior Court, before *Bond*, J., and, after a verdict of guilty, the defendant alleged exceptions, which, so far as material to the points decided, appear in the opinion.

*F. W. Qua*, for the defendant.

*A. E. Pillsbury*, Attorney General, (*C. N. Harris*, Second Assistant Attorney General, with him,) for the Commonwealth.

KNOWLTON, J. All but one of the defendant's exceptions in regard to the admission of evidence were waived at the argument. As to that, he contends that the testimony of the witness Palmer in reference to the number of sales entered in the defendant's register during the two weeks immediately before the sale charged in the complaint was wrongly received.

An important question in issue was whether the defendant was criminally responsible for the sale made to the minor by his clerk. There was evidence that the defendant had forbidden his clerks to make such sales, and, as tending to show that the sale was made without authority from the defendant, evidence was introduced in his behalf that he always endeavored to comply with the law respecting sales of intoxicating liquor, and that his clerks acted under strict orders, the effect of which would be materially to reduce the number of their sales below that which they lawfully might make. As tending to contradict the defendant, we are of opinion that it was within the discretion of the presiding judge to admit evidence that the number of sales of intoxicating liquor registered by him during the week preceding May 19th, excluding Sunday, was 3,059, and during the following week was 1,924. If this had been shown by the production of the register, the question would be free from difficulty. *Commonwealth* v. *Rooks*, 150 Mass. 59. *Commonwealth* v. *Stevens*, 153 Mass. 421.

The rule that requires the production of the best evidence readily obtainable is an important one. Where the contents of a book or written document are needed in evidence, the book or writing should be produced, when there is no good reason for the non-production of it; and if in the present case the presid-

ing justice had excluded the evidence, unless the defendant had failed to produce the book on notice, we cannot say that his ruling would have been erroneous.

On the other hand, this was not an ordinary writing or a public record. It was a register required by the statute to be kept as a part of the business done by the defendant under his license. St. 1887, c. 431, § 3. Its form is prescribed by the statute. The pages are to be divided into eight columns, each column with a prescribed heading, under which the entries are to be made showing the required particulars in regard to each sale. These particulars must be entered at the time of every sale. The statute contemplates that this book shall all the time be kept at the store of the apothecary, and provides that it shall at all times be open to the inspection of certain officers mentioned. The witness was one of these officers, and he was allowed to testify to the number of entries of sales within a specified time. Neither the witness nor any other of the officers of the Commonwealth had a right to take the book from the defendant and bring it to the court, and there would be some force in a suggestion that a notice to the defendant to produce it to be used in evidence would have been inconsistent with a proper regard for his duty to keep it where entries of sales might immediately be made in it, so long as he continued to do business under his license. The particulars of the entries in regard to the sales were not offered in evidence, and the precise words written in the register were not in question. It has been held that the language of a license hanging on the wall of a liquor dealer's shop may be testified to orally. *Commonwealth* v. *Brown*, 124 Mass. 318. This decision does not cover the case at bar; but there is some ground for contending that the number of sales found recorded in the register should be considered as a fact in the mode of conducting the defendant's business, to be observed by a police officer in the performance of his duty of inspecting the register, and to be testified to like any other material fact apparent to an observer. Such evidence was received without objection in *Commonwealth* v. *Perry*, 148 Mass. 160. We are not convinced that there was such error in this particular as to entitle the defendant to a new trial.

The only other exceptions argued relate to the refusal of the

court to give the defendant's third request for instructions to the jury, and to the instructions given.* This request was as follows : " If the sale and attendant circumstances found by the jury are consistent with the theory that defendant really intended that no sale should be made to minors, but was merely negligent, then the jury must acquit." The question before the jury was not whether the defendant intended that no sale should be made to minors, but whether the sale which was made was his act. If he made the sale, and intended to make it, it would be no defence that he was mistaken in supposing that the buyer was not a minor. It is to be remembered that the statute forbidding the unlicensed sale of intoxicating liquor, like the laws regulating the sale of milk, and many other similar statutes, punishes the unlawful act, and on grounds of public policy holds the defendant responsible for knowledge of the nature of his act ; so that it is possible in a supposable case for one to be guilty of a technical violation of the law without culpability, and to find it necessary for his protection to appeal to the sense of justice of those who are intrusted with the administration of the law. *Commonwealth* v. *Uhrig*, 138 Mass. 492. If the sale was made by his clerk, and if it was authorized by him by special authority in the particular case, or by a general authority

---

* The instructions given were as follows:

" If you are satisfied beyond a reasonable doubt that the defendant stood by and saw this sale to the minor, and assented to it, he is liable for the sale. If the defendant used proper care in the selection of his clerks, and used proper precautions by instructions to and supervision of his clerks, he was not bound to personally scrutinize the person of every customer who applied for liquor. If he does see the customers, and any of them are minors, and he stands by, knowing that a sale is made by a clerk to a minor, and he does not prevent it, he is liable. The defendant is not liable if the sale by the clerk was an honest mistake on the part of the clerk as to the age of the person to whom he sold, provided the jury are satisfied that the master sincerely and honestly intended that his instructions should be obeyed in good faith, and that he was not negligent or careless in the selection of his clerks, or in the regulations and precautions which he prescribed for their guidance. The evidence as to the other sales made, and the business carried on at the store, is only competent upon the question of the reasonableness of the precautions taken by the defendant to prevent sales to minors, and whether the method of determining the age of a customer was a reasonable one, or whether it indicated bad faith or negligence on the part of the defendant in the mode of conducting his business."

which included it, it would be no defence to show that he did not intend to make sales to minors, but was negligent in not taking measures to prevent them. Through a long line of cases the test of the master's liability for an act of this kind done by his servant has been whether it was done by his authority. *Commonwealth* v. *Putnam*, 4 Gray, 16. *Commonwealth* v. *Wachendorf*, 141 Mass. 270. *Commonwealth* v. *Briant*, 142 Mass. 463. *Commonwealth* v. *Stevenson*, 142 Mass. 466. *Commonwealth* v. *Hayes*, 145 Mass. 289. *Commonwealth* v. *Rooks*, 150 Mass. 59.

The criminal liability of a master for the act of his servant does not extend so far as his civil liability, inasmuch as he cannot be held criminally for what the servant does contrary to his orders, and without any authority, express or implied, merely because it is in the course of his business and within the scope of the servant's employment; but he would be liable civilly for a tort of this kind. *Roberge* v. *Burnham*, 124 Mass. 277. *George* v. *Gobey*, 128 Mass. 289. But if the act is the master's because done by the servant within his authority, and especially if it is an act which is made punishable even when done in ignorance of its punishable quality, the statute applies to the master as well as to the servant.

The defendant was not aggrieved by the instructions given. In one part of the case the jury were told that the proof must be beyond a reasonable doubt; and if the defendant had desired that their attention should be further directed to the degree of proof upon other points, he should have asked for an instruction in regard to it.

A part of the charge was directed to evidence that the defendant stood by and saw the sale made, and there was no error in it. The instructions which are chiefly criticised by the defendant's counsel followed closely the language of the opinion of this court at the former hearing of this case, reported in 153 Mass. 421, and the rights of the defendant were fully protected by them.

*Exceptions overruled.*