COMMONWEALTH *vs.* GEORGE F. GREEN.

Suffolk.      January 28, 1895. — February 27, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Guilty Knowledge — Sale by Servant.*

Guilty knowledge that one is acting in violation of law is not essential to the offence of selling intoxicating liquors, and a servant is responsible if he has made a sale, however innocently, which the law forbids him to make.

COMPLAINT, for unlawfully selling intoxicating liquors. At the trial in the Superior Court, before *Bishop,* J., it appeared in evidence that at the time of the alleged offence the defendant was a hotel waiter in the employment of two persons duly licensed by the board of police commissioners of the city of Boston as innholders, and to sell liquors of any kind as such innholders to be drunk in the inn or hotel described in their license; that while acting in their employment in said inn or hotel on October 14, 1894, which was the Lord's day, two men entered

from the common room of the hotel, in which was the hotel clerk's office, into a small dining-room where the defendant was in attendance, and called for two bottles of lager beer; and that one of them, the complainant, paid him for the beer, and the defendant then delivered it to them.

The defendant testified that he believed the men were both guests of the hotel at the time, resorting to it for food and lodging, and that he served them with the beer delivered in that belief, as the hotel clerk had directed his attention to them, and that he had no reason to think they were not guests.

The defendant's counsel asked the following instructions:

" If the jury find that the defendant sold and delivered the liquor to the person alleged, believing he was a guest of the inn or hotel in question who had resorted to the inn or house for food or lodging, the defendant is entitled to a verdict.

" To render a verdict against the defendant, the jury must find that the defendant did not deliver the liquor alleged in the belief that the person to whom it was delivered was a guest of the inn in question."

The judge declined so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*C. F. Donnelly*, for the defendant.

*M. J. Sughrue*, First Assistant District Attorney, for the Commonwealth.

BARKER, J. It is perfectly well settled that " guilty knowledge that one is acting in violation of law is not essential to the offence of unlawfully selling intoxicating liquors." *Commonwealth* v. *Uhrig*, 138 Mass. 492, 493. *Commonwealth* v. *Julius*, 143 Mass. 132, 134. And in *Commonwealth* v. *Stevens*, 153 Mass. 421, 425, the logical deduction was stated, in dealing with the case of a master's liability for an unwitting violation of the law by a servant, that " the servant himself is no doubt responsible, because he has made a sale, however innocently, which the law forbade him to make."

*Exceptions overruled.*