COMMONWEALTH *vs.* THOMAS RILEY.

Plymouth.    March 18, 1907. — June 19, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Intoxicating Liquors.    Transportation of Intoxicating Liquors.    Carrier.    Master and Servant.    Agency.*

It here was assumed for the purposes of the opinion that, upon a complaint under R. L. c. 100, § 50, against a person conducting a general express business for failing to enter in a book kept for the purpose the date of the reception by him of packages of intoxicating liquors for delivery in a city or town where licenses of the first five classes are not granted and a correct transcript of the marks required by law to be upon the outside of such packages, if it is shown that the defendant failed to comply with the requirements of the statute it is no defence that his failure to do so was owing to an honest mistake.

Upon a complaint under R. L. c. 100, § 50, against a person conducting a general express business for failing to enter in a book kept for the purpose the date of the reception by him of packages of intoxicating liquors for delivery in a city or town where licenses of the first five classes are not granted and a correct transcript of the marks required by law to be upon the outside of such packages,

if it is shown that a servant of the defendant, who in the course of his employ-
ment in the defendant's business received packages of intoxicating liquors, failed
to comply with the provisions of the act, this does not justify the defendant's
conviction, unless it further is shown that the defendant participated in the act
of his servant or acquiesced in it, and accordingly it is error on the part of the
presiding judge to exclude evidence offered by the defendant to show what in-
structions he gave to his servant in regard to conducting the business and that he
told him " to run the business right and to be sure to keep the book straight."

COMPLAINT, received and sworn to on August 10, 1906, under
R. L. c. 100, § 50, charging that the defendant on July 27, 1906,
was conducting a general express business at Brockton and there
received certain packages of spirituous and intoxicating liquors
for transportation and delivery to certain persons and places in
that city, where licenses for the first five classes for the sale of
intoxicating liquors were not granted, and did not enter in a
book kept therefor the date of the reception by him of these
packages and a correct transcript of the marks required by law
to be upon the outside of the packages.

The defendant was tried in the Superior Court before *Scho-
field*, J. The evidence showed that on the date alleged the de-
fendant was engaged in the express business in Brockton, where
licenses of the first five classes were not granted; that on that
day the defendant's agent, one Molloy, received at the freight
depot in Brockton a box containing twenty quarts of whiskey in
ten packages of two quarts each; that on the outside of the box
was a card on which was written the names and addresses of ten
persons and " 2 qts. whiskey " after each name; that the box
was consigned in care of Riley's express; that to each package
was attached a tag with a similar label; that the express book
required to be kept did not contain a correct transcript of these
marks, in that it called for one four-quart package, six two-quart
packages, and four one-quart packages. The defendant testified
that Molloy was his agent in charge of the business, he (the de-
fendant) working in a shoe factory in the daytime; that he had
no knowledge of the receipt of the packages or of the entries on
the book, and that he had not seen the book for a week. The
defendant was asked by his counsel what instructions, if any, he
gave Molloy in relation to conducting the business, and offered to
show that he told Molloy to run the business right and to be
sure to keep the book straight. The judge excluded the ques-

tion subject to the defendant's exception. No question was made at the trial but that it was within the scope of Molloy's authority from the defendant to keep the express book.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs.

*F. M. Bixby*, for the defendant.

*T. E. Grover*, District Attorney, for the Commonwealth.

LORING, J. We assume for the purpose of this opinion that the crime created by R. L. c. 100, § 50, is one of those crimes where the defendant acts at his risk, and where it is no excuse that he made an honest mistake, like the crimes before the court in *Commonwealth* v. *Boynton,* 2 Allen, 160, *Commonwealth* v. *Uhrig,* 138 Mass. 492, *Commonwealth* v. *Stevens,* 153 Mass. 421; *S. C.* 155 Mass. 291.

In such cases the defendant is liable in case he does the act although he did it under an honest mistake. *Commonwealth* v. *Boynton,* 2 Allen, 60. *Commonwealth* v. *Stevens,* 153 Mass. 421, 425.

And the servant is liable although he did the act under an honest mistake. *Commonwealth* v. *Green,* 163 Mass. 103. *Commonwealth* v. *Stevens,* 153 Mass. 421, 425.

The question here is under what circumstances the master is liable when the act is done by the servant.

It is not enough that it was done in the course of the servant's employment in the master's business. *Commonwealth* v. *Stevens,* 153 Mass. 421; *S. C.* 155 Mass. 291.

To convict a master for the act of the servant the government must show that the master participated in the act or countenanced it or otherwise approved of it. *Commonwealth* v. *Stevens,* 153 Mass. 421; *S. C.* 155 Mass. 291. *Commonwealth* v. *Joslin,* 158 Mass. 482, 495.

It follows that the concession made " that it was within the scope of Molloy's authority from the defendant to keep the express book " was not decisive of the defendant's liability. It also follows that the judge was wrong in excluding evidence as to " What instructions, if any, he [the defendant] gave Molloy in relation to conducting the business," and evidence to the effect that he, the defendant, " told Molloy to run the business

right and to be sure to keep the book straight." Similar evidence was received at both trials of *Commonwealth* v. *Stevens;* see 153 Mass. 421, and 155 Mass. 291; and under the doctrine of those cases cannot be excluded.

*Exceptions sustained.*