(88 Misc. Rep. 38)

### PEOPLE v. KIMMEL et al.

(Supreme Court, Appellate Term, First Department. December 7, 1914.)

1. DRUGGISTS (§ 11*)—PENALTIES—ADULTERATION AND SALE OF ADULTERATED DRUGS BY CLERK—"PERSON."

Under Public Health Law (Consol. Laws, c. 45) § 234, as amended by Laws 1910, c. 422, making every proprietor of a pharmacy or drug store responsible for the strength, quality, and purity of all drugs sold or disposed by him; section 235, as so amended, making such proprietor liable for violations of that section by his apprentices, or unlicensed employés; section 240, subds. 10, 11, as so amended, making it a misdemeanor for any person to adulterate any drug, knowing or intending that it shall be used, or to sell any adulterated drug, or for any person to violate any provision of that article for which no other punishment is imposed; and the further provisions of section 240, as amended, that any person violating any provision of that article who is not criminally prosecuted shall forfeit to the people $50, that the word "person" in that article shall import both the plural and singular, and include corporations, partnerships, etc., that the act, omission, or failure of any officer, agent, or person acting for or employed by any corporation or association within the scope of his authority or employment shall be deemed the act, omission, or failure of the corporation or association, and that, in case of a violation by a partnership, association, or corporation, every member of the partnership

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or association, and the directors and general officers of the corporation and the general manager of each shall be individually liable—the members of a partnership were liable for the penalty for the act of their clerk, a registered pharmacist, in wrongfully compounding and delivering an adulterated drug, although they had directed him to obey the law, and though partnerships are not mentioned in the provision relative to the liability of corporations or associations for the acts of their officers and agents, as the purpose of the amendment of 1910 to section 240 was not to limit the scope of the act, but to make it more definite and certain as to corporations or associations.

[Ed. Note.—For other cases, see Druggists, Cent. Dig. § 10; Dec. Dig. § 11.*

For other definitions, see Words and Phrases, First and Second Series, Person.]

2. CRIMINAL LAW (§ 21*)—INTENT—ACTS PROHIBITED BY STATUTE.
The general rule that criminal intent is the essence of the crime does not apply to an act which is simply malum prohibitum.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 22; Dec. Dig. § 21.*]

Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action for a penalty by the People of the State of New York against Oscar P. Kimmel and another. From a judgment in favor of defendants, the People appeal. Reversed, and judgment directed for the People.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Steiner & Peterson, of New York City (Thomas Carmody, Atty. Gen., and Jerome Steiner, of New York City, of counsel, and Joseph H. Kohan, of New York City, on the brief), for the People.

Herman H. Kimmel, of New York City (Edward Petigor, of New York City, of counsel), for respondents.

GUY, J. [1] The plaintiff appeals from a judgment in favor of defendants, entered after a trial by the court, acting without a jury, in an action brought to recover $50 penalty for violation of article 11 of the Public Health Law, which (section 240) provides:

"Any person that violates any of the provisions of this article, who is not criminally prosecuted, as for a misdemeanor, shall forfeit to the people of the state of New York * * * fifty dollars," etc.

The evidence shows that defendants' relief clerk, a registered pharmacist, during the absence and without knowledge of defendants, wrongfully compounded and delivered to a customer of defendants a prescription which called for 50 per cent. of ichthyol, whereas, in fact, the prescription as compounded contained only 38 per cent. of ichthyol; that defendants were partners; that said relief clerk was employed by them to perform duty when neither they nor their regular clerk could be present; and that he had been instructed by defendants to obey the law.

Section 234 of article 11, subd. 2, provides that:

"Every proprietor of a wholesale or retail pharmacy, drug store or store is responsible for the strength, quality and purity of all drugs sold or dispensed by him."

Section 235 provides for permission to employ apprentices, and further provides that:

"The proprietor as principal shall be equally liable for violations of this article by his apprentices or his unlicensed employés."

Section 237, subd. 5, provides that a drug is to be deemed adulterated where the "strength, quality or purity" of any article compounded or sold by a druggist "differs from the professed standard of strength, quality or purity under which it is sold."

Section 240, subd. 10, provides, among other things, that it shall be a misdemeanor for "any person to adulterate, misbrand or substitute any drug, knowing or intending that it shall be used, or sells, offers for sale or causes to be sold any adulterated, misbranded or substituted drug," or (subdivision 11) "for any person to violate any of the provisions of this article, * * * for which violation no other punishment is imposed."

Section 240, after providing for the forfeiture of $50, as before stated, further provides:

"In construing and enforcing the provisions of this article the word 'person' shall import both the plural and singular and shall include corporations, companies, partnerships, societies and associations, and the act, omission or failure of any officer, agent or other person acting for or employed by any corporation or association within the scope of his authority or employment shall in every case be deemed to be the act, omission or failure of the corporation or association as well as that of the officer, agent or other person; and that in case of violation of the provisions of this article by a partnership, association or corporation, every member of the partnership or association and the directors and general officers of the corporation and the general manager of the partnership, association or corporation, shall be individually liable, and any action, prosecution or proceeding authorized by this article may be brought against any or all of such persons."

It is contended by the defendants respondents, and it was so determined by the learned trial court below, that the failure to include the word "partnership" in the clause providing that the act, omission, or failure of any officer, agent, or other person acting within the scope of his authority shall be deemed to be the act of the corporation or association, indicates an intent on the part of the Legislature that only corporations and associations shall be held liable for the acts of their authorized agents, and that members of a partnership shall only be punishable as for a misdemeanor for an intentional violation of the law, and cannot be held liable as for a penalty for any violation of the statute by a registered pharmacist in their employ, committed without their knowledge or specific authorization. In this construction of the statute I am of the opinion that the learned court erred. Such a construction would, in effect nullify the statute, so far as the punishment of partners by penalty for the acts of agents is concerned.

The statute must be read as an entirety and with regard to the purpose for which it was enacted. The construction placed upon the

amendment to section 240 is entirely at variance with the provision contained in section 234 that every proprietor of a drug store "is responsible for the strength, quality and purity of all drugs sold or dispensed by him," and with the general purpose of the statute—i. e., to prevent the selling or compounding and dispensing by prescription of adulterated drugs, drugs that differ in strength, quality and purity from the professed standard under which they are sold. Under the statute as it stood before the amendment of 1910, every proprietor of a drug store would have been liable individually, or as a partnership, to punishment by penalty for every violation of the statute on the part of themselves or their employés. The purpose of the amendment of 1910 was not to limit the scope of the act, but to make it more definite and certain as to proprietors acting as a corporation or association. It is inconceivable that the Legislature intended, in a measure designed for the protection of the public health, to create a privileged class, in the form of a partnership, which might violate the statute with impunity so far as the imposition of a penalty is concerned.

It is not necessary to consider here whether members of a partnership can, under the amended statute, be punished *as for a misdemeanor* for acts of their licensed clerks, committed without their knowledge or specific. authorization. Section 240 provides for the imposition of a penalty as to all violators of the statute who "are not criminally prosecuted," whether liable to such prosecution or not. The defendants herein have not been criminally prosecuted; the violation complained of was committed by their agent, acting within the scope of his authority. No general direction given by them to their agent that he should "obey the law" could relieve them, under the statute, for responsibility for his acts so far as the penalty provision is concerned.

[2] The general rule that criminal intent is the essence of the crime does not apply to an act which is simply malum prohibitum. People v. Werner, 174 N. Y. 132, 66 N. E. 667; People v. Snyder, 90 App. Div. 422, 86 N. Y. Supp. 415; People v. D'Antonio, 150 App. Div. 109, 134 N. Y. Supp. 657; Cullinan v. Burkard, 93 App. Div. 31, 86 N. Y. Supp. 1003.

The judgment must therefore be reversed, and judgment directed in favor of plaintiff for the amount of the penalty, with costs of appeal and costs in the court below.

BIJUR, J., concurs.

SEABURY, J. I dissent. This is an action to recover a penalty for a violation of article 11 of the Public Health Law. The defendants are members of a copartnership, and did not themselves do any act in violation of the Public Health Law. It was proved upon the trial that the "relief clerk," who was a licensed pharmacist and was employed one night a week to take the place of the regular clerk, did violate said law without the knowledge and contrary to the express instructions of the defendants. The statute provides that the violation of that law shall constitute a misdemeanor, and that one who violates such law, "who is not criminally prosecuted, as for a mis-

demeanor shall forfeit to the people of the state of New York * . * * fifty dollars." The statute also provides that:

"The act, omission or failure of any officer, agent or other person acting for or employed by any *corporation or association* within the scope of his authority or employment shall in every case be deemed to be the act, omission or failure of the *corporation or association* as well as that of the officer, agent or other person."

It will be observed that there is nothing in the statute which provides that the act, omission, or failure of an agent of an individual or partnership shall be deemed the act, omission, or failure of such individual or partnership. On the contrary, the statute does provide:

"That in case of violation of the provisions of this article by a *partnership*, association or corporation, *every member of the partnership* or association and the directors and general officers of the corporation and the *general manager of the partnership*, association or corporation, shall be individually liable, and any action, prosecution or proceeding authorized by this article may be brought against any or all such persons."

It is true that in cases of the sale of adulterated goods, or of intoxicating liquors, the. Legislature has in certain cases provided that the act of the agent shall be imputed to the individual employer. Commonwealth v. Stevens, 155 Mass. 291, 29 N. E. 508; People v. Kibler, 106 N. Y. 321, 12 N. E. 795. In Commonwealth v. Stevens, supra, the court said:

"The criminal liability of a master for the act of his servant does not extend so far as his civil liability, inasmuch as he cannot be held criminally for what the servant does contrary to his orders, and without any authority, expressed or implied, merely because it is in the course of his business and within the scope of the servant's employment; but he would be liable civilly for a tort of this kind."

The authorities referred to above establish that in cases of this character one may be held liable without criminal intent. No person or class of persons should have imputed to them, by judicial construction, offenses of which they are innocent and of which they had no knowledge. The doctrine of imputed crime may easily result in injustice. The Legislature is the judge of the public policy to be adopted, and where it has not imposed a criminal liability the courts cannot impose such a liability.

Whether the discrimination, which the Legislature has seen fit to make, between the cases of corporations and associations and the cases of individuals and partnerships, is wise or not, is no concern of the courts. That the Legislature had made such a discrimination the language employed plainly shows, and that such discrimination is not without reason cannot be denied. In effect it has provided that such juristical persons as corporations or associations, which can only act through a representative or agent, are chargeable with the acts or omissions of their representatives or agents, but that natural persons, like individuals or partnerships, who may act directly for themselves, are chargeable with their own acts, but not with the acts of agents or representatives who act without their knowledge or consent. The distinction made is one which writers on jurisprudence have often

observed and commented upon. See Markby's Elements of Law, § 125.

As I understand it, it is the duty of the courts to enforce the law as it is, and not to attempt, by construction, to make the law as they believe it ought to be. The Legislature has discriminated between corporations and associations and the case of partnership, and it is the duty of the courts to observe the discrimination which the Legislature has made, and it is not their duty to declare that the Legislature did not intend to make the very discrimination which the language employed shows that it did intend to make. The Legislature having failed to impose the penalty, the courts have no right, by construction, to impose it. It is no answer to this argument to say that the court does not hold that this construction shall be given to the statute where criminal liability is sought to be imposed. The statute makes no distinction between the cases where civil liability is to be imposed and the cases where criminal liability is imposed. Those violating the statute are, by its terms, rendered liable for a misdemeanor, and in the event of their not being prosecuted for a misdemeanor they are liable to the civil penalty. Thus it is evident that, unless the parties have committed a misdemeanor, they are not liable for any penalty at all. The same statute cannot be construed to mean one thing where a civil penalty is to be imposed and another thing where a criminal liability is to be imposed. The meaning of the statute is not affected by the character of the penalty imposed upon those violating it. Either the statute makes a partnership liable for the acts of its agent done without its authority and contrary to its express directions, or it does not. There is no halfway position possible.

Nor does giving effect to the language of the statute make the statute in any way inconsistent or nullify any other of its provisions. In order to hold that the statute means what it says, and does not make the act of the agent done without the knowledge and against the directions of his principal the act of a partnership, it is not at all necessary to decide that partners are not liable unless they intentionally violate the statute. The question whether the act must be intended, in order that liability shall be incurred, is not involved in this case, and has nothing to do with the question presented for determination. If any individual or member of a partnership violates the statute, he can be held individually liable, without proof of criminal intent. To so hold is quite different from holding that a partnership is liable for the act of an agent, when it had no knowledge of the agent's act, and when such act was in fact contrary to their express direction. In my judgment the court below properly applied the statute in awarding judgment for the defendants, dismissing the complaint.

I vote in favor of affirming the judgment appealed from, with costs.