## NOBILE v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. September 23, 1922.)

No. 2891.

1. **Intoxicating liquors** ⬤=239(3)—**Evidence to warrant instruction as to liability for sale by agent.**

Evidence that defendant was proprietor of a café, that he stood by when his employé sold wine over the bar, and that he went out to another place, from which he sent back more wine, *held* to warrant an instruction which permitted the jury to find that the sales were made by defendant's authority.

2. **Criminal law** ⬤=1056(1)—**Comment by court on defendant's failure to testify, not excepted to, held not ground for reversal.**

A judgment of conviction, fully supported by uncontradicted testimony, will not be reversed because the judge in his instructions improperly referred to the failure of defendant to testify, to which no exception was taken.

In Error to District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Criminal prosecution by the United States against Angelo Nobile. Judgment of conviction, and defendant brings error. Affirmed.

W. A. Kavanagh, of Hoboken, N. J., for plaintiff in error.

Richard C. Plumer, Asst. U. S. Atty., of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

⬤=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

DAVIS, Circuit Judge. The plaintiff in error, defendant below, and hereinafter called defendant, was convicted on a criminal information charging him with selling, manufacturing, and possessing intoxicating liquors at No. 500 Grand street, Hoboken, N. J., in violation of the National Prohibition Act. The defendant sued out a writ of error to this court. His assignments of error may be compressed into three propositions:

1. The government failed to prove the crimes charged against the defendant.

But it was proved by uncontradicted testimony that the defendant was the proprietor of the saloon or café at 500 Grand street; that when the search warrant was served he went behind the bar to the cash register, and took all the money out, and put it into his pocket; that he was present and standing "up against the bar," when Perazzo, the bartender, sold the liquor; that after the agent "kept buying wine," and it "was getting short behind the bar," Perazzo told defendant "that he would have to get some more wine," and he said, "All right," and went out "to 420 Grand street, where he had the winery, with several thousand gallons, and he sent an old man back with two quarts of wine." This testimony, we think, was sufficient proof of the crime charged.

2. The learned trial judge admitted, over objection of defendant, testimony which was prejudicial to him.

The testimony objected to relates to what took place at 420 Grand street. This place was not mentioned in the criminal information, and the defendant argued that testimony of what happened there was not admissible. The defendant complains of three instances in which error was committed. The first was simply a colloquy in the afternoon between the court and counsel, in which the latter moved to strike out certain testimony which had been admitted at this time, and this part of the assignment is without merit.

The next instance occurred over the question: "What happened?" (at 420 Grand street). The answer was: "We served the search warrant there, and made a search as directed in the warrant." Whether or not the testimony was admissible, it was harmless. In the third case, one of the government's witnesses was asked what the defendant did at 420 Grand street when the place was searched. He replied that "he didn't do very much of anything there." This was followed by one or two other questions and answers of the same general character.

Testimony had already been admitted without objection that the property at 420 Grand street was used as a winery; that there were several thousand gallons of wine there, in the basement, that had been manufactured, "a barrel of whisky, of rectified spirits, alcohol, water, and burned sugar"; that the defendant went over there from 500 Grand street, and sent an old man back with two quarts of wine. In view of the testimony that had been admitted without objection, the testimony objected to was in no way prejudicial.

[1] 3. The charge to the jury was erroneous in two instances:

(1) The trial judge, in charging the jury on the criminal liability of the defendant for the sale of liquor at No. 500 Grand street, said:

"There is no question but what the purchase was not made from this man; but that is true if you or I go into any one of the stores, possibly, in the city of Trenton or a great many of the stores in the city of Trenton. The merchant has his goods there for sale. He has a clerk who makes the sale, who takes our money, gives us the goods, and puts the money in the place designated by the owner, and we thereby get title to what we want to buy. You walk into a hat store. The proprietor may not be on hand to sell you a hat, but you pick out one that you like, which is handed to you by a clerk. You inquire the price, and he tells you. You give him the price and he rings it up in the cash register, and you walk out of that store knowing that that hat is your hat, and that you have bought it from the proprietor of the place, although you have not seen the proprietor of the place at all."

Criminal liability of a principal or master for the act of his agent or servant does not extend so far as his civil liability. He cannot be held criminally for the acts of his agent, contrary to his orders, and without authority, express or implied, merely because it is in the course of his business and within the scope of the agent's employment, though he might be liable civilly. Commonwealth v. Stevens, 155 Mass. 291, 295, 29 N. E. 508. After exception had been taken to this portion of the charge, the judge further said to the jury:

"Gentlemen, what I had in mind was simply this: That certain occurrences in our own everyday experience settle certain facts in our minds. So-and-so has sold this hat, this coat, this suit. Of course, in the case of a man doing an illegal business, you must be satisfied that it is *his* business which is being conducted by another, because there is no presumption that an agent is carrying along the illegal business of his employer; but, if the evidence shows that the *employer* is carrying on the illegal business, it is not necessary that he be actually there every hour of the day selling stuff—if it is *his* business and you are satisfied beyond a reasonable doubt that it is being carried on by *him* through another, just as in the case of a lawful business."

This is a correct exposition of the law and corrected the first statement. While the civil doctrine that a principal is bound by the acts of his agent within the scope of his employment, and authority to do a criminal act will not be presumed, yet if the defendant was the proprietor, stood by, saw the bartender sell intoxicating liquor, sent over liquor from 420 Grand street to 500 to be sold, the jury was justified in concluding that the acts of Perazzo were done with defendant's authority and under his direction, and for such he is criminally liable. Section 332, Federal Criminal Code (Comp. St. § 10506); Levin v. United States, 128 Fed 826, 833, 63 C. C. A. 476; Commonwealth v. Nichols, 10 Metc. (Mass.) 259, 43 Am. Dec. 432; People v. Green, 22 Cal. App. 45, 133 Pac. 334; Commonwealth v. Stevens, supra.

[2] (2) The trial judge further said to the jury:

"In this case the defendant has not seen fit to go upon the witness stand to give testimony in his own behalf, as he might have done under the laws of the United States. He is, of course, not obliged so to do. He has relied upon the weakness of the government's case."

The act of March 16, 1878 (20 Stat. 30, c. 37 [Comp. St. § 1465]), changing the common-law rule, provides that a person charged with the commission of a crime may, at his own request, be a competent witness at the trial, but that "his failure to make such request shall not create any presumption against him."

"To prevent such presumption being created, comment, especially hostile comment, upon such failure must necessarily be excluded from the jury. The minds of the jurors can only remain unaffected from this circumstance by excluding all reference to it." Wilson v. United States, 149 U. S. 60, 65, 13 Sup. Ct. 765, 766 (37 L. Ed. 650).

The rule that no reference shall be made to the neglect, failure, or refusal of a defendant to avail himself of his right to testify is general in its application. State v. Larkin, 250 Mo. 218, 157 S. W. 600, 46 L. R. A. (N. S.) 13; Diggs v. United States, 220 Fed. 545, 549, 136 C. C. A. 147. In these cases the prosecuting attorney commented on the failure of the defendant to testify. The statute restrains both court and counsel. Stout v. United States, 227 Fed. 799, 803, 142 C. C. A. 323; Wilson v. United States, 149 U. S. 60, 13 Sup. Ct. 765, 37 L. Ed. 650; Reagan v. United States, 157 U. S. 301, 305, 15 Sup. Ct. 610, 39 L. Ed. 709.

But no exception was taken to the court's reference to defendant's failure to testify. Counsel, however, asks us to consider the point under rule No. 11 of this court, which provides that the court, at its option, may notice a plain error not assigned. We exercise that option only when necessary to prevent the miscarriage of justice. The uncontradicted testimony establishes the defendant's guilt beyond a reasonable doubt, and we therefore do not feel that this is a case in which we should invoke the rule.

The judgment of the District Court is affirmed.