THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN
  H. PRICE, Respondent, *v.* SHEFFIELD FARMS-SLAWSON-
  DECKER COMPANY, Appellant.

**Labor Law — provision prohibiting employment of children
under the age of fourteen years — employer equally liable
whether child is employed by himself or his agents — must
employ reasonable supervision to prevent violation of statute
— legislature had power to make violation of statute a criminal
offense and provide for punishment by fine.**

1. The Labor Law (Cons. Laws, ch. 31), standing by itself, is not
a criminal statute, but a separate statute (Penal Law, § 1275)
supplements its mandates and prohibitions by attaching penal con-
sequences. These do not of necessity affect the meaning that the
Labor Law would have without them; the scope of the duty is one
problem; the extent to which the breach may be visited with
punishment another.

2. Section 162 of the Labor Law prohibiting the employment in
or in connection with mercantile establishments of children under
the age of fourteen years is directed primarily against the employer,
and only secondarily against others as they may aid and abet him.
He must neither create nor suffer in his business the prohibited
conditions. He may not escape the duty by delegating it to others.
He breaks the command of the statute if he employs the child himself
and he breaks it equally if the child is employed by agents to whom
he has delegated his own power to prevent. And what is true of
employment is true of the sufferance of employment. The statute
makes no distinction between sufferance and permission.

3. Any act or omission that will charge an employer with a breach
of section 162 of the Labor Law becomes by force of section 1275
of the Penal Law a breach of that statute as well. There was power
in the Legislature to impose this stringent penalty and to punish
offenders by fines moderate in amount, but in sustaining the power
to fine this court is not to be understood as sustaining to a like length
the power to imprison. The statute is not void as a whole though
some of its penalties may be excessive. The good is to be severed
from the bad and the valid penalties remain.

4. Where upon the trial of an information charging a violation
of section 162 of the Labor Law there is some evidence of the defend-
ant's negligence in failing for six months to discover and prevent the
employment of a child under the age of fourteen years, the omission

to discover and prevent was a sufferance of the work and for the resulting violation of the statute a fine was properly imposed.

*People ex rel. Price* v. *Sheffield Farms, etc., Co.*, 180 App. Div. 615, affirmed.

(Argued November 18, 1918; decided December 10, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 14, 1917, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting defendant of a violation of section 162 of the Labor Law.

The facts, so far as material, are stated in the opinion.

*George W. Alger* for appellant. There was no evidence before the court to justify a conviction, there being an utter absence of proof that defendant employed or permitted this child to work for it. (*People* v. *Taylor*, 192 N. Y. 398; *Gregory* v. *United States*, 17 Blatch. 325; *Lancaster* v. *Commonwealth*, 149 Ky. 443; *Loosey* v. *Orser*, 4 Bosw. 391; *Chicago* v. *Sterns*, 105 Ill. 555; *People* v. *Werner*, 174 N. Y. 132; *Rose* v. *Balfe*, 223 N. Y. 481; *Reilly* v. *Connable*, 214 N. Y. 586; *Collins* v. *Butler*, 179 N. Y. 156; *O'Brien* v. *Stern Bros.*, 223 N. Y. 290; Labatt Master & Servant [2d ed.], § 2252; *Driscoll* v. *Scanlon*, 165 Mass. 348.) The construction of the statute as one imposing upon the defendant as the owner and proprietor of a business the absolute duty, which it is bound to perform at its peril, of preventing the employment by its employees of children, without its knowledge or consent, is unjustified and erroneous. (*T. H. Dept.* v. *McDevitt*, 215 N. Y. 160; *People* v. *Werner*, 174 N. Y. 132; *People* v. *West*, 106 N. Y. 283; *People* v. *D'Antonio*, 150 App. Div. 109; *People* v. *Roby*, 52 Mich. 577.)

*Edward Swann*, District Attorney (*Robert S. Johnstone* of counsel), for respondent. The facts proved establish the defendant's liability under the statute. (*American*

*Car Co.* v. *Armentraut*, 214 Ill. 509; *Inland Steel Co.* v. *Yedinak*, 172 Ind. 423; *Purtell* v. *P. & R. C. & I. Co.*, 256 Ill. 110; *Ten. House Dept.* v. *McDevitt*, 215 N. Y. 160; *Comm.* v. *N. Y. C. & H. R. R. R. Co.*, 202 Mass. 394; *People* v. *Werner*, 174 N. Y. 132; *C., B. & Q. Ry.* v. *United States*, 220 U. S. 559; *Ford* v. *State*, 37 Atl. Rep. 172; *Reg.* v. *Tolson*, 23 Q. B. Div. 168.; 3 Greenl. on Ev. § 21; *People* v. *Taylor*, 192 N. Y. 398.)     The legislature may impose upon a person or corporation engaged in a business an absolute liability without reference to the common-law doctrine of *respondeat superior* or other common-law doctrines, and without fault or negligence. (*New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Bowersock* v. *Smith*, 243 U. S. 29; *Hawkins* v. *Bleakly*, 243 U. S. 210; *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148.)

CARDOZO, J. | The defendant, a corporation, has been convicted of violating section 162 of the Labor Law (Consol. Laws, chap. 31). That section provides that "no child under the age of fourteen years shall be employed or permitted to work in or in connection with any mercantile  *  *  *  establishment specified in the preceding section." Violation of the Labor Law is a misdemeanor, and is punishable, if a first offense, by a fine of not less than twenty nor more than fifty dollars (Penal Law, sec. 1275). Heavier fines and even imprisonment may follow a repetition of the offense (Penal Law, sec. 1275). In this case the fine imposed was $20. The question is whether there is any evidence of guilt.

The defendant is engaged in the sale of milk. It employs one hundred and twenty-five drivers to make deliveries to its customers. In February, 1917, one of the state's inspectors found a boy of thirteen years assisting in a driver's work. The driver, one Schmidt, employed the boy and paid him. Schmidt's purpose

seems to have been to prevent the theft of milk bottles, and thus to benefit the defendant, whose practice had been to stand the loss from thefts itself. None the less, he knew that his conduct, whether helpful to the defendant or not, was forbidden by its rules. The rule was that drivers, under pain of dismissal, were not to allow any person not in the employ of the company to assist them in any way or to ride on their wagons. But the defendant's duty did not end with the mere promulgation of a rule (*Larkin* v. *N. Y. Tel. Co.*, 220 N. Y. 27, 32). There was some duty of enforcement. The defendant was not blind to the fact that the rule was often broken. Word had often come to it before that some of its drivers were employing boys to help them. It sent out its inspectors " may be once a week or a month " to discover and report delinquents. Offenders discovered had been reprimanded, but not discharged. One driver, who had been prosecuted by the People, was still, though convicted, in the defendant's service. For six months the boy employed by Schmidt had been doing the same work. The inference is permissible that there was no adequate system either of repression or of detection. We must say whether on such facts a fine may lawfully be imposed.

There are two statutes to be construed: the Labor Law, which imposes the duty, and the Penal Law, which attaches the penalty. The Labor Law, standing by itself, is not a criminal statute. The purpose of most of its provisions is not penal, but remedial. But a separate statute (Penal Law, sec. 1275) supplements its mandates and prohibitions by attaching penal consequences. For many years, they were attached to the violation of certain enumerated provisions and those only (Penal Code, sec. 384-l, added by L. 1897, ch. 416, sec. 3, and amended by L. 1903, ch. 380, sec. 1; L. 1907, ch. 506, sec. 2; Penal Law, sec. 1275; as enacted by L. 1909, ch. 88). Included in that enumeration were the provisions relating to

factories and the employment of children therein; those
relating to the manufacture of articles in tenements;
and those relating to mercantile establishments and the
employment therein of women and children (L. 1897,
ch. 416). But an amendment passed in 1913 (L. 1913,
ch. 349, sec. 1) has imported into the domain of the law
of crimes a vast body of rules which grew up in other
fields of law. The statute (Penal Law, sec. 1275) now
contains the sweeping declaration that " any person who
violates or does not comply with any provision of the
labor law, any provision of the industrial code, any rule or
regulation of the industrial board of the department of
labor, or any lawful order of the commissioner of labor,"
shall be guilty of a crime. (See also second report of the
Factory Investigating Commission, January 15, 1913,
vol. 1, p. 50.) These penal consequences, imposed by a
separate statute, do not of necessity affect the meaning
that the Labor Law would have without them. The
scope of the duty is one problem; the extent to which
the breach may be visited with punishment, another.

At the outset, therefore, we turn to the Labor Law
itself. Section 162 is directed primarily against the
employer, and only secondarily against others as they
may aid and abet him (*People* v. *Taylor,* 192 N. Y.
398, 400). He must neither create nor suffer in his
business the prohibited conditions. The command is
addressed to him. Since the duty is his, he may not
escape it by delegating it to others (*People* v. *Taylor,
supra*). He breaks the command of the statute if he
employs the child himself. He breaks it equally if the
child is employed by agents to whom he has delegated
" his own power to prevent " (Lord Alverstone, C. J.,
in *Strutt* v. *Clift,* 1911, 1 K. B. 1, 6, 7, and *Emary* v.
*Nolloth,* 1903, 2 K. B. 264). What is true of employment,
must be true of the sufferance of employment (*Bond* v.
*Evans,* L. R. 21 Q. B. D. 249). The personal duty rests

on the employer to inquire into the conditions prevailing in his business. He does not rid himself of that duty because the extent of the business may preclude his personal supervision, and compel reliance on subordinates. He must then stand or fall with those whom he selects to act for him. He is in the same plight, if they are delinquent, as if he had failed to abate a nuisance on his land (*The Queen* v. *Stephens,* L. R. 1 .Q. B. 702; *Tenement House Department N. Y. City* v. *McDevitt,* 215 N. Y. 160, 167, 168), or had failed to furnish a safe place of work (Labor Law, sec. 200). It is not an instance of *respondeat superior.* It is the case of the non-performance of a non-delegable duty (*Hankins* v. *N. Y., L. E. & W. R. R. Co.,* 142 N. Y. 416, 420). There are a host of other provisions of the Labor Law where the duty must be held personal, or we nullify the statute (Secs. 69, 79, 81, 83a, 83b, 94).

The employer, therefore, is chargeable with the sufferance of illegal conditions by the delegates of his power. But to say that does not tell us how sufferance may be implied. We do not construe the statute with all the rigor urged by counsel for the People. Not every casual service rendered by a child at the instance of a servant is "suffered" by the master. If a traveling salesman employed by a mercantile establishment in New York gives a dime to a boy of thirteen who has carried his sample case in Buffalo, the absent employer is not brought within the grip of the statute. Sufferance as here prohibited implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence (*Tenement House Dept. N. Y. City* v. *McDevitt, supra,* p. 164). But the duty to inquire existing, there is no safety. in ignorance if proper inquiry would avail (*Purtell* v. *Phila. & R. Coal & Iron Co.,* 256 Ill. 110, 117). Whatever reasonable supervision by oneself or

one's agents would discover and prevent, that, if continued, will be taken as suffered.   Within that rule, the cases must be rare where prohibited work can be done within the plant, and knowledge or the consequences of knowledge avoided.   But where work is done away from the plant, the inference of sufferance weakens as the opportunity for supervision lessens.   No one would say that an employer had suffered the continuance of a wrong because some pieceworker, working at home on a garment. had been aided by a child.   In such a case, the true implications of sufferance would be almost instinctively perceived.   On the other hand, we think the statute draws no distinction between sufferance and permission. This is apparent from its scheme as revealed in related sections (Labor Law, secs. 70, 161, 93, 131).   The two words are used indiscriminately.   In such circumstances, each may take some little color from the other.   Permission, like sufferance, connotes something less than consent.   Sufferance, like permission, connotes some opportunity for knowledge.   Thus viewed, the scheme of the statute becomes consistent and uniform.

From the Labor Law itself, and the definition of the statutory duty, we pass to the Penal Law, and the determination of the statutory penalties.   It is only in their application to section 162 of the Labor Law that those penalties concern us.   What the Penal Law means in its application to other sections, we do not attempt to say. Such cases must be dealt with as they arise.   Slight differences in the mischief to be remedied or in the wording of the law or in the presumable purpose of the lawmakers may work a change of meaning (*The Queen* v. *Tolson*, L. R. 23 Q. B. D. 168, 174).   When the problem is thus limited, the answer is not doubtful. Any act or omission that will charge an employer with a breach of section 162 of the Labor Law becomes by force of this section 1275 a breach of the Penal Law as well.

That is the plain meaning, and we are not at liberty to detract from it. There was power in the legislature to impose this stringent penalty and to punish offenders by fines moderate in amount. We have recently sustained the exercise of a like power where the fine was recoverable through the form of a civil action (*Tenement House Dept. N. Y. City* v. *McDevitt, supra*). The substance of constitutional power is not changed though the remedy for the collection of the fine is by information or indictment (*Loucks* v. *Standard Oil Co. of N. Y.*, 224 N. Y. 99, 104; *The Queen* v. *Stephens*, L. R. 1 Q. B. 702; *Bond* v. *Evans, supra*). Prosecutions and fines for nuisances, created by an agent in the absence of the owner, have long been known to the law (*The Queen* v. *Stephens, supra; Rex* v. *Medley*, 6 C. & P. 292; Smith, Master and Servant [5th ed.], 272, 279). " If my servant throws dirt into the highway, I am indictable " (HOLT, C. J., in *Tuberville* v. *Stampe*, 1 Ld. Raymond, 264). Other illustrations of like remedies abound (*Comm.* v. *Sacks*, 214 Mass. 72; *Comm.* v. *Mixer*, 207 Mass. 141; *State* v. *Gilmore*, 80 Vt. 514; *Heiton* v. *M'Sweeney*, 1905, 2 I. R. 47; *Davis* v. *Bemis*, 40 N. Y 453, 454, note, citing *Attorney-General* v. *Siddon*, 1 Cr. & J. 220). In these and like cases, the duty to make reparation to the state for the wrongs of one's servants, when the reparation does not go beyond the payment of a moderate fine, is a reasonable regulation of the right to do business by proxy. That right is not strictly absolute any more than any other. In such matters, differences of degree are vital (*Ten. House Dept. N. Y. City* v. *McDevitt, supra*, at p. 169; *International Harvester Co.* v. *Kentucky*, 234 U. S. 216, 223). Even a fine may be immoderate (*Standard Oil Co. of Indiana* v. *Missouri*, 224 U. S. 270, 286; *Waters-Pierce Oil Co.* v. *Texas*, 212 U. S. 86, 111). But in sustaining the power to fine, we are not to be understood as sustaining

to a like length the power to imprison. We leave that question open. That there may be reasonable regulation of a right is no argument in favor of regulations that are extravagant. Exceptional principles apply to callings of such a nature that one may be excluded from them altogether. Of these it may be true that by engaging in them at all, one accepts the accompanying conditions (*Miller* v. *Strahl,* 239 U. S. 426; *People* v. *Rosenheimer,* 209 N. Y. 115; *People* v. *Roby,* 52 Mich. 577). We speak rather of callings pursued of common right, where restrictions must be reasonable (*People* v. *Beakes Dairy Co.,* 222 N. Y. 416, 427). This case does not require us to decide that life or liberty may be forfeited without tinge of personal fault through the acts or omissions of others (*Comm.* v. *Stevens,* 153 Mass. 421, 424, 425; *Comm.* v. *Morgan,* 107 Mass. 199, 203; *Comm.* v. *Riley,* 196 Mass. 60, 62; *Mousell Bros.* v. *London & N. W. Ry. Co.,* 1917, 2 K. B. 836, 843, 844; *The Queen* v. *Tolson,* *supra,* at p. 185). The statute is not void as a whole though some of its penalties may be excessive. The good is to be severed from the bad. The valid penalties remain.

Our conclusion is that there is some evidence of the defendant's negligence in failing for six months to discover and prevent the employment of this child; that the omission to discover and prevent was a sufferance of the work; and that for the resulting violation of the statute, a fine was properly imposed.

The judgment should be affirmed.

POUND, J. (concurring). Section 162 of the Labor Law (Cons. Laws, chap. 31) imposes within its limits an absolute prohibition of child labor. The child whose job is casual, who has no continuity of employment, may not be said to " *work* in or in connection with the business," as the word implies some regularity of occupation. The ques-

34   People ex rel. Price *v.* Sheffield Farms Co.

[225 N. Y.]         Memorandum, per Crane, J.         [Dec.,

tion of personal liability of directors seems to be answered by our decision in *People* v. *Taylor* (192 N. Y. 398). They are not within the statute except as they act individually. Two objections to the exclusion of the elements of knowledge and due diligence are thus disposed of. On the question whether an employer, acting without personal fault, may be imprisoned for the act or omission of his servant, I think that we should preserve entire neutrality at this time. It may be argued that the preliminary act of the principal from which criminal liability may flow is the engaging in a business in which child labor is prohibited; that the offense is established when it is shown that the child worked in or in connection with the business and that the element of personal fault is thus present. (*Com.* v. *Smith*, 166 Mass. 370, 375, 376; *People* v. *Roby*, 52 Mich. 577; *Loch* v. *State*, 75 Ga. 258.) The employment of children is as much under the ban as is the sale of liquor to them and for the same considerations of public welfare. This point is probably sufficiently saved in the prevailing opinion.

Crane, J. (concurring). I concur in the opinion of Judge Cardozo, but I do not think that we should leave the question of punishment by imprisonment open for further discussion. The matter is here, in my judgment, for determination.

The defendant has been charged with a misdemeanor in having violated the provisions of section 162 of article 12 of the Labor Law, being chapter 36 of the Laws of 1909, which read:

" No child under the age of fourteen years shall be employed or permitted to work in or in connection with any mercantile or other business or establishment specified in the preceding section."

The defendant maintained a milk route for distributing

milk and came within the provisions of this section.   It apparently did everything that could be done to comply with this law.   The drivers of its wagons were sent out early in the morning to various parts of the city, not returning until midday.   The defendant not only established rules against the employment of boys under fourteen by the drivers but employed inspectors to follow them upon their routes and see that the instructions were obeyed.   The conviction of the defendant has proceeded upon the theory that it is guilty for an act of its driver violating this law irrespective of its knowledge or consent and the exercise of every effort that could be made to prevent it.   It is said that the law having been violated by its servant the defendant is liable and that there can be no defense.

I recognize that this is the law regarding many police regulations and statutes creating minor offenses and that there is a distinction between acts *mala prohibita* and *mala in se,* but I do not believe that the legislature is unlimited in its power to make acts *mala prohibita* with the result that an employer can be imprisoned for the acts of his servant.   (*People ex rel. Cossey* v. *Grout,* 179 N. Y. 417, at p. 433.)   Nearly all the cases upon this subject have been those fixing a penalty to be recovered either in a civil or a criminal proceeding.   Others have been prosecutions for a misdemeanor such as in this case resulting in a fine.   To this extent I concede that the employer is liable irrespective of his knowledge or negligence, but when an employer may be prosecuted as for a crime to which there is affixed a penalty of imprisonment for an act which he in no way can prevent, we are stretching the law regarding acts *mala prohibita* beyond its legal limitation.   (*Chicago, B. & Q. Ry.* v. *United States,* 220 U. S. 559.)

While this case has to do with a corporation which can only be fined yet the law is equally applicable to an

36   People ex rel. Price *v.* Sheffield Farms Co.

[225 N. Y.]      Memorandum, per Crane, J.      [Dec.,

individual.   Section 1275 of the Penal Law provides that for a second or third violation of the Labor Law imprisonment may be inflicted.   An individual, therefore, carries on the milk business at the risk of being imprisoned for acts over which he has absolutely no control.   The liquor cases which are numerous are hardly pertinent.  Such business may be prohibited altogether but not so with the milk trade.

It can be said that the situation which I have here stated is not presented by this case as the defendant is a corporation or, as this is the first offense, it can only result in a fine.   If the legislature is limited in its power to punish acts *mala prohibita,* this case, I think, presents the matter in such a way that we should say so.   The statute defines the crime and annexes a penalty which is a fine for the first offense or possible imprisonment for the second offense.   The argument in court and upon the briefs has been that the legislature is unlimited in dealing with acts *mala prohibita.*   Some of the cases to which we have been referred, and the opinion below in this case, indicate that as long as an act is prohibited by a statute and is not *malum in se,* persons may be punished for the acts of their agents upon the theory of *respondeat superior* or else are charged by law with knowledge which they could not otherwise possess.  Strictly speaking the doctrine of principal and agent has no place in the criminal law.   (*People* v. *McLaughlin,* 150 N. Y. 365–385.)   We should not leave it for a trial judge, when the case arises, to impose a fine instead of imprisonment in order to avoid a question of legality.

It is unnecessary to state that that which constitutes guilt in a corporation would also be the same for the individual under like circumstances.

In brief I spell out the law fixing offenses under the police power of the legislature and known as acts *mala prohibita* to be this:

1. The defendant is liable for what he directs or authorizes.

2. He is liable for that which is done with his knowledge, although not his consent, and knowledge may be proved by circumstantial evidence.

3. He may be made liable for penalties or fines in the nature of penalties to be recovered in civil or criminal actions, for acts committed by his servants without his knowledge or consent and against his direct prohibition. As is stated in some of the cases he acts in these matters through his servants at his peril. These are all made minor offenses and hardly rise to the rank of crimes. But when this third class are made crimes punishable by imprisonment, I believe the legislature exceeds its power.

HISCOCK, Ch. J., COLLIN, CUDDEBACK and ANDREWS, JJ., concur with CARDOZO, J.; POUND and CRANE, JJ., each in memorandum, also concur.

Judgment affirmed.