THE PEOPLE OF THE STATE OF NEW YORK, on the Information of MILLICENT FLANNERY, Respondent, v. FIRST AMERICAN NATURAL FERN COMPANY, INC., Appellant.

First Department, November 7, 1930.

*Harry H. Oshrin* of counsel [*Nathan Stieglitz* with him on the brief], for the appellant.

*Robert Daru* of counsel [*Thomas C. T. Crain, District Attorney*], for the respondent.

MARTIN, J. The defendant corporation was convicted of violating section 130 of the Labor Law in employing and permitting Nancy Mutacio, a child under the age of fourteen years, to work in connection with its factory. The work was not done in the factory but at No. 2106 First avenue, the home of the child.

The appellant, the owner of a factory at Nos. 343–345 East One Hundred and Fourth street in the city of New York, gave out

work to be done at home to one Mary Mutacio, who lives at No. 2106 First avenue, borough of Manhattan. Before giving work, the defendant obtained a promise in writing that she would not permit any children to assist in the work to be done for the defendant.

Two inspectors from the Department of Labor testified that they visited the home of the child and found her there working on flowers of the defendant. The mother testified that the child was but twelve years of age at the time of the trial.

The People say that the defendant through its president, Simon Berger, received thirteen notifications between July 1, 1927, and May, 1930, that child labor was being used upon his work in the tenement district. Berger testified that he was before the court several times but each time the charge was dismissed, the court holding that defendant was not responsible for such work since it had no control over the child who did the work. There is no proof that defendant had received any other notification in this particular case.

Section 130 of the Labor Law (as amd. by Laws of 1928, chap. 725) reads as follows:

" 1. No child under fourteen years of age, shall be employed in or in connection with or for any factory, mercantile establishment, business office, telegraph office, restaurant, hotel or apartment house, theatre or other place of amusement, bowling alley, barber shop, shoe-polishing establishment, or in the distribution or transmission of merchandise, articles or messages, or in the sale of articles.

" 2. No child under fourteen years of age, shall be employed in or in connection with or for any other trade, business or occupation carried on for pecuniary gain."

Subdivision 7 of section 2 of the Labor Law provides that " Whenever used in this chapter * * * 'employed' includes permitted or suffered to work."

The appellant says that the child was not working in the factory, nor in connection with the factory, since the work was done at her home under the supervision of her mother and not under the control of the defendant.

It may be that a conviction in this case would have a most salutary effect upon violators of the provisions of the Labor Law known as the Child Labor Law, but we are unable to sustain this conviction. The law states that no factory shall employ or permit or suffer a child under fourteen years of age to be employed in connection with or for any trade or calling.

In construing the provisions of the Labor Law, the Court of Appeals in *People ex rel. Price* v. *Sheffield Farms Co.* (225 N. Y. 25)

said: "Whatever reasonable supervision by oneself or one's agents would discover and prevent, that, if continued, will be taken as suffered. Within that rule, the cases must be rare where prohibited work can be done within the plant, and knowledge or the consequences of knowledge avoided. But where work is done away from the plant, the inference of sufferance weakens as the opportunity for supervision lessens. No one would say that an employer had suffered the continuance of a wrong because some pieceworker, working at home on a garment, had been aided by a child. In such a case, the true implications of sufferance would be almost instinctively perceived."

In a concurring opinion, Judge POUND said: "Section 162 of the Labor Law (Cons. Laws, chap. 31) imposes within its limits an absolute prohibition of child labor. The child whose job is casual, who has no continuity of employment, may not be said to ' work in or in connection with the business,' as the word implies some regularity of occupation."

The brief submitted in behalf of the People assumes that much more was proved than we have been able to find in the record. It nowhere appears that the defendant had knowledge that the child in question was working upon its goods. One of the witnesses for the People was asked the following question: " Q. Did you before visit that same lady who was working on flowers? A. Not that I remember. Not that I can recall."

It is indicated by the brief of the People that this particular witness has constantly called attention to violations of the law by the defendant.

An examination of the record discloses there was but one instance in which the child in question was found working on the goods of the defendant corporation, and it was testified to by the officer of the defendant that there was an agreement with the mother that she should not permit any child to work on these flowers.

It should not be a very difficult matter for the inspectors of the Labor Department to establish such violations if they exist and there is a real effort to do so.

We have reached the conclusion that upon this record the conviction cannot be sustained.

The judgment of conviction should be reversed, the information dismissed, and the fine remitted.

DOWLING, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment reversed, the information dismissed and the fine remitted.