Paul J. Widlitz, J.
The defendant corporation appeals from a judgment of conviction of the Nassau County District Court for two violations of section 40 of the Multiple Residence Law requiring that an owner of a multiple dwelling keep every part of the dwelling and lot on which it is situated in good repair, clean and free from vermin, filth, garbage and other matter dangerous to life or health. Section 304 of the Multiple Residence Law, which prescribes the penalties for violations of that law, provides: “Any person, who having been served with a notice or order to remove any violation of this chapter or of any nuisance, fails to comply therewith within thirty days or within such further reasonable time therefor fixed by the department, shall be guilty of a misdemeanor punishable for each offense by a fine of not exceeding five hundred dollars or by imprisonment for a period of one year, or by both such fine and imprisonment, as provided in section one thousand nine hundred thirty-seven of the penal law. However, every person who shall violate or assist in a violation of any provision of sections forty, seventy and one hundred seventy-four shall be guilty of an offense punishable by a fine of not less than ten dollars nor exceeding five hundred dollars or by imprisonment for a period not exceeding six months, or by both such fine and imprisonment. * * * ”
The defendant was found guilty after a nonjury trial and was fined $50 on each of two counts. The issue presented on *127 this appeal is whether, in order to sustain a conviction for a violation of section 40 as an offense, it is necessary for the People to prove that the defendant had been served with a notice or order to remove an alleged violation and that he failed to do so within 30 days.
The first part of section 304 clearly provides that, in order for a violation of the Multiple Residence Law to constitute a misdemeanor, the People must first establish that the defendant was served with a notice to remove the violation and, further, that the defendant failed to comply with such notice within 30 days. The gravamen of the crime is the failure to carry out a lawful order of removal. Thus, under that part of section 304, if one were merely to violate a provision of the chapter, he would not be guilty of any crime. For it is not until he fails to comply with the lawful order of removal of such violation that he may be found guilty of a misdemeanor.
In the latter half of section 304, dealing with “ every person who shall violate or assist in a violation of any provision of sections forty, seventy or one hundred seventy-four ’ ’, there is no reference whatsoever made to the requirement of a 30-day notice. If the Legislature had intended same, it would seem that they would adequately have said “ every such person who had been served with a notice to remove a violation of section 40 and fails to comply therewith, etc. shall be guilty of an offense.” There is nothing ambiguous about the verbiage of the statute if read in its normal context. This court does not believe that the Report of the Joint Legislative Committee, dealing with ‘ ‘ Penalties and Violations ’ ’ under this statute, requires that any different construction be placed on section 304. (N. Y. Legis. Doc., 1952, No. 42, p. 23.)
There is presented, however, the question whether knowledge, constructive or otherwise, by the defendant of the violation, is a necessary element of the offense. It is well established that criminal intent and scienter are not necessary elements of a crime where the proscribed conduct is malum prohibitum. The common-law rule that scienter was a necessary element of every crime has been modified with respect to prosecutions under statutes passed in aid of the police power of the State, especially where such a requirement would serve to obstruct the intent of the statute. However, a statute enacted in aid of the police power which subjects a violator to a possible sentence of up to six months in jail and/or a $500 fine seems somewhat harsh under certain conditions (e.g., the case of an absentee owner).
*128 In People ex rel. Price v. Sheffield Farms Co. (225 N. Y. 25) an employer was charged with a violation of the Labor Law in that, unknown to the defendant, one of its employees hired a minor, in violation of the labor laws. Defendant claimed therein that a lack of knowledge prohibited conviction under the statute. Judge Cardozo, in discussing the statute, stated (pp. 29-31) as follows:
11 The personal duty rests on the employer to inquire into the conditions prevailing in his business. He does not rid himself of that duty because the extent of the business may preclude his personal supervision, and compel reliance on subordinates. * * *
“ The employer, therefore, is chargeable with the sufferance of illegal conditions by the delegates of his power. But to say that does not tell us how sufferance may be implied. * * * Sufferance as here prohibited implies knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes in most cases a fair measure at least of continuity and permanence * * *. But the duty to inquire existing, there is no safety in ignorance if proper inquiry would avail * * *_ "Whatever reasonable supervision by oneself or one’s agents would discover and prevent, that, if continued, will be taken as suffered. Within that rule, the cases must be rare where prohibited work can be done within the plant, and knowledge or the consequences of knowledge avoided. But where work is done away from the plant, the inference of sufferance weakens as the opportunity for supervision lessens. * * * Sufferance, like permission, connotes some opportunity for knowledge. Thus viewed, the scheme of the statute becomes consistent and uniform.”
In the light of the above, it would seem that, in order to sustain the convictions herein, there would have to be some evidence that the landlord knew or should have lmown of the condition that allegedly existed about the premises. As a landlord, the defendant had a duty to inquire into the existing condition of the premises, and, if prudent and reasonable inquiry would have led to the knowledge of the filthy premises, then we may rightfully say that the landlord had suffered a condition to exist, all in violation of the statute.
At the trial the People introduced into evidence several pictures of the premises. Such exhibits could have justified a finding of fact by the Trial Judge that the unclean condition of the premises had continued for some period of time, and from such finding of continuity there could be inferred suffer *129 anee by the landlord, and the resulting imputed knowledge, of an existing condition.
If there were no evidence that the violative condition had continued for sometime, there would be no sufferance. Had the evidence showed but one isolated incident, as for example, if some third party had thrown a barrel of garbage in the back yard just prior to the inspection by the health authorities, there could be no conviction of a landlord who lacked actual knowledge of the condition.
In People v. Sheffield Farms Co. (225 N. Y. 25, supra) Judge Crane, in a concurring opinion, discussed the question of punishment or imprisonment, with respect to acts malum prohibitum. He stated therein (pp. 36-37):
‘ ‘ In brief I spell out the law fixing offenses under the police power of the legislature and known as acts mala prohibita to be this:
“ 1. The defendant is liable for what he directs or authorizes.
‘ ‘ 2. He is liable for that which is done with his knowledge, although not his consent, and knowledge may be proved by circumstantial evidence.
“ 3. He may be made liable for penalties or fines in the nature of penalties to be recovered in civil or criminal actions, for acts committed by his servants without his knowledge or consent and against his direct prohibition. As is stated in some of the cases, he acts in these matters through his servants at his peril. These are all made minor offenses and hardly rise to the rank of crimes. But when this third class are made crimes punishable by imprisonment, I believe the legislature exceeds its power.”
Imprisonment was not imposed herein and the court finds it unnecessary to consider the excessiveness of the penalty or the constitutionality of the statute.
Accordingly, the judgment of conviction is, in all respects, affirmed.
Submit order.