In the Matter of EMERY A. ARP, Doing Business as CASSADAGA HOTEL, Appellant, v. STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously annulled, without costs. Memorandum: Petitioner operated a bar and restaurant in Cassadaga, New York. The licensee was absent on May 7, 1961 and his wife was in charge. On the morning of that day, there were a number of patrons in the bar and more in the adjacent dining room. About 12:45 A.M. a scuffle occurred among four individuals in the dining room. Mrs. Arp ordered the participants to leave. They shook hands and the trouble ceased. Suddenly and without warning, one of the former participants seized a beer bottle and

attacked another participant cutting him about the face. This second scuffle ended as quickly as it started and the participants left. Both incidents occupied an elapsed period of but a few minutes and were not continuous. After Mrs. Arp's intervention, the parties seemed friendly and there was no apparent reason to expect further trouble. The unforeseeable act of the other patron did not constitute permitting the premises to become disorderly. "Suffering premises to become disorderly means something more than a mere happening on one occasion." (*Matter of Stanwood United* v. *O'Connell*, 283 App. Div. 79, 83.) Suffering a place to become disorderly "presupposes in most cases a fair measure at least of continuity and permanence." (*People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25, 30.) A single or isolated act does not constitute a suffering or permitting the premises to become disorderly. (*Matter of Brody* v. *Rohan*, 1 A D 2d 661; *Matter of Patterson* v. *Rohan*, 5 A D 2d 870.) (Review of determination of State Liquor Authority, suspending hotel liquor license for 20 days, transferred to the Appellate Division by order of Chautauqua Special Term.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.