Jasen, J. (dissenting).
Defendant was the owner and president'fif Car Traders, Inc., a used car dealership operating in New York City. He was charged with a violation of subdivision b of section N46-17.0 of the New York City Administrative Code dealing with sales tax returns. That subdivision reads as follows: “ Any vendor or purchaser and any officer of a corporate vendor or purchaser failing to file a return required by this title, or filing or causing to be filed or making or causing to be made or giving or causing to be given any return, cer *879 tificate, affidavit representation, information, testimony or statement required or authorized by this title which is wilfully false, and any vendor and any officer of a corporate vendor wilfully failing to file a bond required to be filed pursuant to section N46-6.0 of this title or failing to file a registration certificate and such data in connection therewith as the director of finance may by regulation or otherwise require or to display or surrender the certificate of authority as required by this title or assigning or transferring such certificate of authority, and any vendor and any officer of a corporate vendor wilfully failing to charge separately from the sales price the tax herein imposed, or wilfully failing to state such tax separately on any evidence of sale issued or employed by the vendor, or wilfully failing or refusing to collect such tax from the purchaser, and any vendor and any officer of a corporate vendor who shall refer or cause reference to be made to this tax in any sales tag, placard or advertisement in a form or manner other than that required by this title, and any vendor failing to keep the records required by subdivision six of section N46-12.0 of this title shall, in addition to the penalties herein or elsewhere prescribed, be guilty of a misdemeanor, punishment for which shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both such fine and imprisonment. Officers of a corporate vendor shall be personally liable for the tax collected or required to be collected by such corporation under this title, and subject to the penalties hereinabove imposed.”
Specifically, the defendant was charged with failing to file sales tax returns for the months of February, 1964, through February, 1965.
At the trial, defendant testified that he had delegated the duty of preparing the tax returns and writing checks therefor to a bookkeeper and that, after receiving a warrant for the taxes, for the first time learned that the returns had not been filed. He also testified that an investigation by him and his accountant revealed that the taxes had not been paid, although the corporate books indicated payment. It was claimed that his bookkeeper was guilty of embezzlement; however, no indictment was returned against her.
During questioning by the court, the accountant testified that, during his monthly examinations of defendant’s books, he had *880 never examined any checks and had not made the usual bank reconciliations. He, therefore, had not discovered the alleged embezzlement until the defendant was charged with the failure to file returns. The trial court found defendant guilty and sentenced him to a fine of $300 or 30 days, and 30 days’ imprisonment. The execution of the latter was suspended.
Defendant asserts that scienter must be implied in the statute to secure a conviction. Without a showing of mens rea, he argues, his conviction constitutes a deprivation of due process and is consequently unconstitutional.
While we may not necessarily agree with the wisdom of a legislative enactment, we may not disregard the clear wording of a statute unless the result reached is clearly beyond the intent of the Legislature (2 Sutherland, Statutory Construction [3d ed., 1943], § 4924), or the statute is unconstitutional.
Subdivision b of section N46-17.0 of the New York City Administrative Code clearly states that “any officer of a corporate vendor * * * failing to file a return * * * [shall] be guilty of a misdemeanor ”.
The word ‘ ‘ wilfully ’ ’ is absent from this part of the subdivision, although it does appear at four other places in the same subdivision in the description of a number of additional criminal offenses.
There can be no doubt that the deliberate omission of the word ‘ ‘ wilfully ’ ’ from the first part of the .subdivision dealing with ‘ ‘ failing to file a return ’ ’ was clearly intended to eliminate the requirement of intent.
Certainly it was within the province of the City Council to determine whether the requirement of proof of knowledge would seriously hamper effective enforcement of the sales tax regulation. That is to say, the City Council could reasonably have intended to establish the “ failing to file a return ” offense as one not requiring the element of guilty knowledge.
In concluding that the City Council could have reasonably intended to make the failure to file a sales tax return a crime punishable without regard to intent, it becomes necessary to determine whether the provision violates the Constitution.
This court has previously considered, and upheld, statutes which imposed a fine without regard to the defendant’s intent. (Tenement House Dept. v. McDevitt, 215 N. Y. 160; People ex rel. Price v. Sheffield Farms Co., 225 N. Y. 25.) Additionally, *881 we have held that an employer may be held liable under such statutes for the acts of his employee if the employer has failed to make proper inquiry into the situation to determine whether the statute has been complied with. (People ex rel. Price v. Sheffield Farms Co., supra, p. 30.) However, we have specifically not decided whether there may be a power to imprison in circumstances such as those now before us. (Id., p. 33.)
The Supreme Court of the United States has on .several occasions had an opportunity to rule on the constitutionality of statutes which provided for imprisonment without the need to establish mens rea. In Shevlin-Carpenter Co. v. Minnesota (218 U. S. 57), a statutory penalty of treble damages was assessed against the defendant corporation under a Minnesota statute which imposed a penalty of damages and also made it a felony, irrespective of intent, to cut timber on State lands without a permit. Although the criminal provision was not directly before it, the court noted that this provision was not unconstitutional. (218 U. S., pp. 67-68.)
In United States v. Balint (258 U. S. 250), the defendant was indicted for possession of opium. The statute upon which the indictment was based did not specifically require knowledge as an element of the offense of possession, even though the maximum penalty for its violation was five years in prison. The court unanimously upheld the statute with a citation to Shevlin-Carpenter (supra), cited other instances in which a person is required to act at his peril, and noted: “ So, too, in the collection of taxes, the importance to the public of their collection leads the legislature to impose on the taxpayer the burden of finding out the facts upon which his liability to pay depends and meeting it at the peril of punishment. Regina v. Woodrow, 15 M. & W. 404; Bruhn v. Rex, [1909] A. C. 317.” (258 U. S., p. 252.)
Similarly, imposition of criminal sanctions without proof of criminal intent has been upheld by the. court in the case of bigamy (Williams v. North Carolina, 352 U. S. 226), prescribing of narcotics (United States v. Behrman, 258 U. S. 280), and mislabeling of drugs (United States v. Dotterweich, 320 U. S. 277).
Generally, in those cases in which the court has reversed convictions under statutes which did not require scienter, the rationale was not the unconstitutionality of the lack of a mens *882 rea requirement, but rather that Congress had not intended to exclude the intent factor (Morissette v. United States, 342 U. S. 246) or that there had been insufficient notice of the statute to meet due process requirements (Lambert v. California, 355 U. S. 225).
Indeed, it has recently been noted that the “ Court has never articulated a general constitutional doctrine of mens rea.” (Powell v. Texas, 392 U. S. 514, 535.)
I recognize the fact that the Supreme Court has upheld a mens rea or scienter requirement in cases involving freedom of speech (e.g., Smith v. California, 361 U. S. 147) and freedom of association (e.g., Scales v. United States, 367 U. S. 203); however, as noted in Smith v. California (supra), “ [s]till, it is doubtless competent for the States to create strict criminal liabilities by defining criminal offenses without any element of scienter — though even where no freedom-of-expression question is involved, there is precedent in this Court that this power is not without limitations. See Lambert v. California, 355 U. S. 225.” (361 U. S., p. 150.)
The section of the Administrative Code before us makes defendant’s conduct a crime even though his failure to file might have been unintentional or negligent. The words of the statute are clear and do not reach an absurd or unconstitutional result. Hence, the conviction should be affirmed.
Chief Judge Fuld and Judges Burke, Bergan, and Keating concur in a memorandum; Judge Jasen dissents and votes to affirm in an opinion in which Judges Scileppi and Breitel concur.
Judgment reversed, etc.