Jasen, J. (dissenting).
Once again we are presented with the question of whether the determination of the State Liquor Authority is supported by substantial evidence. (CPLR 7803, subd. 4.)
In my view, the testimony of the police officers, accepted by the Authority, constitutes substantial evidence that the petitioner suffered or permitted gambling on the licensed premises in violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law.
A police officer testified that on four separate visits to the licensed premises, occurring over a period of four weeks, he observed two gamblers, “ Pat ” and “ Tony ”, being approached by numerous patrons of the bar, some of which handed money or slips of paper to the two men. After such contacts with these patrons of the bar, ‘ ‘ Pat ’ ’ and “ Tony ’ ’ would use the telephone and make notes on slips of paper. In addition, on the date of arrest, both of these men were found with gambling paraphernalia belonging to them. From this testimony, the hearing officer and the members of the Authority could and did properly draw the reasonable inference that gambling occurred in the licensed premises. It was also proper for the Authority to find that the aforesaid gambling was “ suffered or permitted ” in the licensed premises by the petitioner. Sufferance, as used in the statute, “ implies knowledge or the opportunity through reasonable diligence to acquire knowledge.” (People ex rel. Price v. Sheffield Farms-Slawson-Decker Co., 225 N. Y. 25, 30.) The petitioner’s claim of lack of knowledge of any gambling activity on the part of “ Pat ” and “ Tony ” lacks credibility in the face of petitioner’s admissions that he knew these individuals as patrons of the premises, and that he also knew their full names and their occupations. Since the determination of the Authority is supported by substantial evidence, the order of the Appellate Division should be reversed and the determination of the Authority reinstated. (Matter of Danzo Estate v. New York State Liq. Auth., 27 N Y 2d 469.)
Order affirmed.