Jasen, J.
(dissenting). The licensee, a corporation, was charged with a violation of section 106 (subd. 6) of the Alcoholic Beverage Control Law. That section provides, in part, that “ [n]o person licensed to sell alcoholic beverages shall suffer or permit any gambling on the licensed premises ”.
The licensee operates a tavern in Queens and employs three barmaids. On December 24 and 26, 1970, between the hours of 12:00 noon and 2:00 p.m., a police officer observed one of the barmaids, Mary Hamlet, engage in seven gambling transactions on the licensed premises. Pursuant to a warrant, the premises were searched on December 30, 1970. Three mutuel racehorse policy slips bearing 46 plays were seized. At the hearing, there was testimony that on each of these dates Mary Hamlet was in charge of the licensed premises; that she was regularly in charge, without supervision by the licensee’s principal, from 12:00 noon to 2:00 p.m. each business day; and that the licensee’s sole officer and principal was not present when the illegal activities occurred nor when the search was made.
*1008 The hearing officer determined that the barmaid was an employee in charge of the licensed premises; that she had accepted bets while so employed; and that the licensee was accountable for her illegal actions. The State Liquor Authority confirmed the hearing officer’s findings, sustained the charge that the licensee had suffered or permitted gambling on the licensed premises (Alcoholic Beverage Control Law, § 106, subd. 6), and suspended petitioner’s liquor license for 10 days with a demand upon its surety bond for $1,000. The Appellate Division unanimously annulled the Authority’s determination.
The sole issue is a familiar one — whether, viewing the record, as a whole, the Authority’s determination is supported by substantial evidence. (Matter of Danzo Estate v. New York State Liq. Auth., 27 N Y 2d 469.) I conclude that it is, and, qccordingly, would reverse the order of the Appellate Division and reinstate the determination of the Authority.
It is a licensee’s obligation “ to insure that a high degree of supervision is exercised over the conduct of the licenced establishment at all times in order to safeguard against abuses of the license privilege and violations of law.” (Rules of the State Liquor Authority, 9 NYCRR 48.1 [a].) He may not insulate himself from this responsibility merely because the extent of his business compels reliance on subordinates. In that event, a licensee has the concomitant duty to supervise his subordinates’ performance lest he be held accountable for their illegal acts. Supervision connotes, at a minimum, some system, such as periodic spot-checks “to safeguard against abuses of the license privilege and violations of law.” To hold otherwise makes the Alcoholic Beverage Control Law unenforceable against an absent licensee.
A licensee is, therefore, chargeable with the sufferance of illegal conduct on the premises by the delegates of his power. In this context, the essence of sufferance is knowledge or the opportunity through reasonable diligence to acquire knowledge. This presupposes, in most cases, that the illegal activity has a fair measure of continuity and permanence. Ignorance of the illegality is no excuse if proper supervision over the conduct of the premises could have discovered or prevented an employee’s unlawful acts. (Cf. People ex rel. Price v. Sheffield Farms Co., 225 N. Y. 25.)
*1009 Moreover, the barmaid’s illegal activities are imputed to the licensee by the rules of the Authority, which, in pertinent part, provide that a ‘ ‘ licensee will be held strictly accountable for all violations that occur in the licensed premises and are committed by * * * any manager, agent or employee of such licensee.” (9 NYCRR 48.1[a].)
In sum, I conclude that the evidence is sufficient to establish that the barmaid engaged in gambling activities on the licensed premises; that she was a responsible agent or representative of the licensee (Matter of Conservative Grouping Corp. v. Epstein, 10 N Y 2d 956); that the gambling condition had a measure of permanence and continuity (see Matter of Danzo Estate v. New York State Liq. Auth., 27 N Y 2d, at pp. 472-473); that reasonable supervision of the barmaid while she was in charge of the premises was lacking and that the licensee culpably failed to discover and prevent the proscribed activity; and that the omission to discover and prevent constituted a sufferance by the licensee. (Cf. People ex rel. Price v. Sheffield Farms Co., 225 N. Y., at pp. 30-31.)
For the reasons stated, I would reverse the order of the Appellate Division and reinstate the determination qf the State Liquor Authority.
Order affirmed, etc.