OPINION OF THE COURT
Jack Mackston, J.
Defendant is charged with violations of section 13-75 of the Housing and Property Rehabilitation and Conservation Code of the City of Long Beach, enacted by the city council pursuant to its police power as authorized by subdivision 13 of section 20 of the General City Law. The information alleges *384 that defendant failed to correct substandard conditions existing in parts of the common area of a multiple residence owned, but not resided in, by her. More specifically, it is alleged in count 1 that she failed to keep a vacant building safe and secure, and in count 2 that she failed to keep courtyards clean and free from physical hazards.
Disregard of section 13-75 is a violation and not a crime, punishable by not more than $250 and/or 15 days in the county jail. (Housing and Property Rehabilitation and Conservation Code, § 13-10; Penal Law, § 10.00, subd 3.)
Defendant, relying upon principles of substantive due process, contends that she may not be subjected to penal sanction for failure to act unless and until it is shown that she was aware of the objectionable conditions and did nothing to correct them.
Upon that premise, defendant moved to dismiss the information at the close of the People’s case and again at the close of the entire case, contending generally that the prosecution failed to meet its burden of proof and more specifically, that it failed to adequately show that a notice of violation had been properly mailed to the defendant by the building department in accordance with sections 13-25 and 13-26 of the code. Decision was reserved.
Section 13-25 indicates that the city must give notice before taking affirmative action to correct substandard conditions. This does not include the institution of legal proceedings. Consequently, the statutory requirement for section 13-25, and specific method of section 13-26, giving such notice are inapplicable to the criminal case at bar.
In dealing with a statute comparable to the one here under consideration, the Court of Appeals has held that subdivision 1 of section 326 of the Multiple Dwelling Law, calling for service of notice, has no application to criminal proceedings. (People v Schwartz, 298 NY 551; People v Nelson, 309 NY 231.)
The question remains whether due process requires a showing of actual knowledge or the probability of such knowledge as part of the People’s prima facie case, before a nonresident landlord may be held criminally responsible for nonfeasance.
It is fairly well established that criminal intent is not an essential element for conviction where the offense is malum prohibitum and not malum in se, that is, where the proscribed *385 conduct is wrong because of legislative pronouncement rather than its intrinsic nature (People v Werner, 174 NY 132; People v H. W.S. Holding Corp., 12 Misc 2d 125) and in People v D'Antonio (150 App Div 109, 113), a case involving a violation of the former Liquor Tax Law wherein defendant failed to remove screens and other obstructions from a tavern window during hours when sale of liquor was prohibited, the court said: "[t]here is no doubt about the general rule that one cannot be convicted of a crime without proving a criminal intent, but this rule has its exceptions. Statutes which are in their nature police regulations, as the one here under consideration is, impose criminal penalties, irrespective of any intent and obviously for the purpose of requiring a degree of diligence for the protection of the public against violations.”
And it is apparent that section 13-75, requiring maintenance of buildings in conformity with the code, as well as section 13-10, imposing penalties for violations thereof, omits any reference to willfulness.
However, there are instances when due process limits the police power and imposes upon the prosecution the obligation to establish that defendant’s failure to act was coupled with knowledge of a duty to do so or at least the probability of such knowledge. (Lambert v California, 355 US 225, where a defendant previously convicted of a felony failed to register her presence with the local police department; People v H. W.S. Holding Corp., supra, a case involving violations of the Multiple Residence Law.)
Accordingly, in the present case the court holds that criminal intent need not be established as an element of the offense charged; that the People need not, as part of their prima facie case, show that notice of violation was served upon defendant, nor adduce proof of actual knowledge if there be none. However, it is the prosecution’s obligation to offer evidence showing the probability of such knowledge, that is that there was a reasonable opportunity, through due diligence, for defendant to learn of the violation so as to take corrective action.
The motion to dismiss count 1 is granted, there being no evidence to show the premises was vacant. The motion to dismiss count 2 is granted, the evidence being insufficient to show the defendant had reasonable opportunity to learn of the offending conditions and remedy the same.